MOSS AND OTHERS VS. STATE OF MISSOURI, USE OF JEFFERSON CO.

1. The sheriff, and not the collector, is responsible for the money collected by sale of lands for taxes, under the act of 27th February, 1843.

2. The securities of an officer, appointed for a limited time, are only liable for his official acts during the term for which he was appointed.

APPEAL from Jefferson Circuit Court.

FRISSELL, *for Appellants, insists:*

1st. That the declaration does not disclose any cause of action against the securities in the collector's bond, and the motion in arrest of judgment should have been sustained. Miller vs. Stewart, 9 Wheaton 680; U. States vs. Kirkpatrick, 9 Wheat. 720; Arlington vs. Merrick, 3d Saund. 411; Stat. of 1835, p. 536, §1 and 2.

2d. That the money arising from the sale of land for taxes, under the law of 1843, was chargable to Moss, as sheriff, and not as collector, and the Court sitting as a jury, therefore, should not have rejected the credit given to Moss, as collector, after his having been charged with the amount of the county part of the money, arising from said sales. Session Acts 1842-3, page 137, §12.

3d. That the amount found to be due by Moss, as collector, by the Court sitting as a jury, is not such an amount as can be deduced from the evidence in the case.

SCOTT, J., *delivered the opinion of the Court.*

This was an action of debt, against Mark Moss and his sureties, on a collector's bond. On the 7th February, 1843, Moss executed a bond as collector for that year. The breaches in the declaration are nearly alike, and substantially aver that Moss, as collector of the county of Jefferson, received on the 21st March, 1844, monies due for the year 1843, which he failed to pay over and account for according to the condition of his bond. It appears that a portion of the monies unaccounted for, was the amount received from the sales of the lands belonging to non-residents, under the act of February 27th, 1843. The plea to the action was *non est factum.* There was a judgment for the plaintiff, the appellee, and after an unsuccessful motion in arrest of judgment, the cause was brought here by appeal.

It is well settled that the plea of *non est factum* only puts in issue the giving of the bond sued on, and admits all the other facts in the case, and under it the plaintiff is not obliged to prove any other averments, or

the breaches contained in his declaration. 7 Wend. 194. When the execution of the bond sued on is not denied, the better practice is to let judgment go by default, as, under our statute relative to the proceedings on penal bonds, this will throw on the plaintiff the burden of proving the truth of the breaches alleged in his declaration.

All the facts in the declaration being admitted, by the state of the pleadings, none of the points arising from the evidence are properly before the Court, but as the judgment will be reversed on another point, and the cause remanded, we will give an opinion as to the liability of the collector, as such, for the money received under the sales of the lands of the *non-residents.* As all the duties which are exacted from the sheriff, under the act for the sale of these lands, are required to be performed as sheriff, we think it clear that, for a neglect of those duties, he is liable as sheriff, and not as collector. So far as the sheriff himself is concerned, both offices being united in him, it is a matter of little importance in what capacity he is chargeable. But as he is required to give two bonds with sureties, one for the performance of his duties as sheriff, and another as collector, and as the sureties for him, in one capacity, may be different from those who are in the other, justice to the sureties requires that he should not be liable on his bond as collector, for breaches of duty committed as sheriff.

Although the act under which the bond, on which this suit was instituted, made the sheriff ex-officio collector for two years, yet as he was required to give bond as collector annually, and as his office was vacated unless that was done, and as it is expressly recited in the condition of the bond, that he was collector for the year 1843, we think this case comes within the principle of those limiting the responsibility of sureties, in bonds of officers annually appointed, or appointed for limited periods, which maintain that the responsibility of a surety for an officer, who is annually appointed, cannot be extended beyond the year for which the bond is executed, although the words of the condition be general and indefinite as to time, that such words ought to be construed but for the time for which the office, recited in the condition, is limited to be holden. Hassell, &c. vs. Long, 3 M. & S. 363; Wardens of St. Saviour's Southward vs. Bostick, 2 New. 175; Liverpool Water Works vs. Atkinson, 6 E.; Lord Arlington vs. Merrick, 3 Saund. 411.

As it is expressly recited in the condition of the bond that Moss was only collecter for the year 1843, and as that year had expired at the time of the breaches alleged in the declaration, whether we regard it as commencing at the date of the bond, or the 1st of January, the declaration on

its face showed no cause of action in the plaintiff, and the objection was well taken by motion in arrest of judgment.

If the money had not been collected during the year for which the bond was given, the failure to collect might have been alleged as a breach.

The other Judges concurring, the judgment will be reversed, and the cause remanded.

FRISSELL, *for Appellants, insists:*