MICHAEL J. O'BRIEN & others *vs.* CORNELIUS MURPHY & others.

Essex.    November 8, 1899. — February 27, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Continuing Bond.*

A bond, after reciting that the obligor had been chosen by the association as treasurer, and as such would receive the property of the association and was bound to keep accurate accounts of money in his hands and to be received by him as treasurer, declared that if he "shall well and truly perform and singular the duties of treasurer of said association for and during the term for which he has been elected and during such further time as he may continue to hold said office and until he shall deliver all the property which he may receive as such treasurer to his successor in office, or to such other person or persons as said association or

its authorized officers may direct according to the provisions of the constitution, by-law, rules and regulations of said association now existing or which may be by said association adopted, then this obligation shall be void; otherwise to be and remain in full force." The election was for one year, and by the by-laws the office of treasurer was an annual one. At the time the bond was given, the obligor was holding office under his first election. *Held*, in an action on the bond, that the phrase "during such further time as he may continue to hold said office" must be held to apply to such further time beyond the term of one year as the principal might hold the office by virtue of his first election, and that it was not intended to cover the time under which he might hold office under any subsequent election.

CONTRACT, against the obligor and sureties of a bond given by the obligor as treasurer of the Ancient Order of Hibernians, Division No. 3, a voluntary benevolent association. The facts appear in the opinion.

*H. I. Bartlett*, for the plaintiffs.

*A. W. Reddy*, (*G. W. Cate* with him,) for the defendants.

HAMMOND, J.  In the Superior Court the ruling was that the bond was not a continuing bond, and the demurrer was sustained on that ground; and the only question argued before us is whether this ruling was correct. In view of the conclusion to which we have come, we have not found it necessary to consider the other grounds of the demurrer.

The general rule is that where there is a recital in the bond specifying the time during which the prescribed duty is to be performed by the principal, and the words of the condition are general and indefinite as to the time for which the surety is to be liable, such general words will be construed as limited by the recital, and the surety will be held liable only for the time therein specified. It is fair to presume that the parties had in contemplation only a liability for the time specified in the recital. Brandt, Suretyship, § 166. *Arlington* v. *Merricke*, 2 Saund. 403. *Liverpool Waterworks* v. *Atkinson*, 6 East, 507. In the latter case the bond, after reciting that the defendant had agreed with the plaintiff to collect its revenues "from time to time for twelve months," contained the condition for the faithful performance of the principal "from time to time and at all times thereafter during the continuance of such his employment," and that "so long as he should continue and be employed by the company from time to time observe and perform the orders of their committee as far as the same should concern his said em-

ployment." The general language was held to apply only to the twelve months.

The same rule is applied where the office or employment is by law or usage limited to a certain time, even if that fact be not recited in the bond. *Bigelow* v. *Bridge*, 8 Mass. 275. *Dedham Bank* v. *Chickering*, 3 Pick. 335. *Amherst Bank* v. *Root*, 2 Met. 522. *Chelmsford Co.* v. *Demarest*, 7 Gray, 1. In this last case the sureties on the bond of the treasurer of a manufacturing corporation who under the statute was to be " chosen annually " and hold his office " until another is chosen and qualified in his stead," were bound only for the year for which he was chosen and for such further time as was reasonably sufficient for the election and qualification of his successor and no longer, although the corporation failed to elect at their next annual meeting, notwithstanding that the condition of the bond stipulated for faithful performance of the principal " during his continuance in said office." Shaw, C. J., in giving the opinion, says : " Perhaps a bond might be framed, reciting that whereas the principal has been elected to the annual office of treasurer, and conditioned for his faithful performance of his duties for that term, and for such further time as he might continue to hold the same by annual re-election — such contract being clear and explicit as to the intent, and made by parties competent to bind themselves — and they remain bound, not because the office was not annual, but because they had anticipated future elections, and provisionally bound themselves accordingly. But the authorities are uniform, that, when the office is annual, the parties to the bond are presumed, by law, to bind themselves accordingly, if there are no words inserted in the bond, clearly extending it to a future election. *Hassell* v. *Long*, 2 M. & S. 363."

And even when there is language in the condition carrying the liability beyond the time for which the principal is elected, it is construed with considerable strictness, and the sureties are held only for such time as is plainly and explicitly therein specified. The leading principle is that the principal is not to be held beyond the precise terms of his contract. Thus, in *Middlesex Manuf. Co.* v. *Lawrence*, 1 Allen, 339, the sureties on a bond of the treasurer of a company conditioned for the faithful

discharge of his duties "during the term for which he has been elected, and for and during such further time as he may continue therein by any re-election or otherwise" were held not liable for defaults occurring in years when, after being out of the office for a short time, he was again elected. See also *Lexington & West Cambridge Railroad* v. *Elwell*, 8 Allen, 371; *Richardson School Fund* v. *Dean*, 130 Mass. 242.

In the present case the bond, after reciting that the defendant Murphy has been chosen by the association as treasurer, and "by reason whereof and as such treasurer he will receive into his hands and possession divers sums of money, goods, and chattels and other things, the property of said association, and is bound to keep true and accurate accounts of all moneys and sums of money now in his hands and all which he shall receive by virtue of his office as treasurer aforesaid," proceeds as follows: "Now, therefore, if the said Cornelius Murphy shall well and truly perform and singular the duties of treasurer of said association for and during the term for which he has been elected and during such further time as he may continue to hold said office and until he shall deliver all the property which he may receive as such treasurer to his successor in office, or to such other person or persons as said association or its authorized officers may direct according to the provisions of the constitution, by-law, rules and regulations of said association now existing or which may be by said association adopted, then this obligation shall be void; otherwise to be and remain in full force."

It appears by the declaration that the election was for one year, and it was conceded at the argument before us that by the by-laws of this association the office of treasurer was an annual office. Murphy therefore held his office by annual election. At the time the bond was given, he was holding office under his first election. If it was the intention of the parties that the sureties were to be held during the whole time that he should continue to hold his office by annual elections or otherwise, there was no difficulty in plainly expressing that intent. We do not think that intent is plainly expressed in the phrase "during such further time as he may continue to hold said office and until he shall deliver all the property which he may receive as such treasurer to his successor in office." Although the election was

for only one year, yet it might reasonably be anticipated that there sometimes would be considerable delay in the election and qualification of a successor, either by reason of the failure of the organization to effect an election, or the failure of the person elected to qualify, or from some other cause.

Applying the well settled rules of interpretation applicable to such contracts, we think that the phrase " during such further time as he may continue to hold said office " must be held to apply to such further time beyond the term of one year as the principal might hold the office by virtue of his first election, and that it was not intended to cover the time under which he might hold office under any subsequent election.

*Exceptions overruled.*