### PACIFIC COUNTY et al. v. ILLINOIS SURETY CO.

#### (District Court, W. D. Washington, S. D. April 15, 1916.)

#### No. 1962.

**1.** PRINCIPAL AND SURETY ⬥⟹59—OBLIGATIONS OF SURETY—CONSTRUCTION.

While there is a liberal construction of liability of a surety for compensation, a surety company for a consideration is entitled to have its contract interpreted by the ordinary rules of law, and its liability cannot be extended beyond the scope of the contract.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 103, 103½; Dec. Dig. ⬥⟹59.]

**2.** PRINCIPAL AND SURETY ⬥⟹71—LIABILITY OF SURETY—CONSTRUCTION.

Where bond given by a bank in which county moneys were deposited was conditioned that the bank should from July 1, 1914, to July 1, 1915, in due and ordinary course of business pay all moneys deposited and should from July 1, 1914, keep and hold harmless the county treasurer from all liability of loss which might accrue by reason of the deposits, the bond did not render the surety liable for nonpayment of county moneys deposited during the years 1914–15, and remaining on hand after July 1st; the bank having fulfilled all conditions up to that time.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 117, 119; Dec. Dig. ⬥⟹71.]

At Law. Action by Pacific County and another against the Illinois Surety Company. On demurrer to complaint. Demurrer sustained.

John I. O'Phelan, of Raymond, Wash., and Bates, Peer & Peterson, of Tacoma, Wash., for plaintiffs.

Piles & Howe, of Seattle, Wash., for defendant.

NETERER, District Judge. A surety bond was executed by the defendant on behalf of the First International Bank of South Bend, Wash., to the county treasurer of Pacific county, in the sum of $10,-000, which was to run one year from July 1, 1914. Various sums were deposited in the bank on behalf of the county during the year beginning July 1, 1914, and at the close of the year $51,175.14 was on hand and remained on deposit until the close of the bank on July 19, 1915. Action is commenced by the county and county treasurer to recover the amount of the bond, alleging suspension of the bank, notice of proof of loss, and demand for payment. The defendant has demurred to the complaint.

The defendant contends that its liability is limited by the express provisions of the bond and that the duration of its risk extends only for the period of one year. Plaintiffs' contention is that the defendant is liable for all deposits made and unaccounted for, irrespective of duration of time.

[1] The rule of strictissimi juris does not apply to sureties for compensation. This rule was only invoked for the protection of individuals acting gratuitously. Liberal construction of liability against sureties for value is the rule. Cowles v. United States, etc., G. Co., 32 Wash. 120, 72 Pac. 1032, 98 Am. St. Rep. 838; American Surety Co. v. Pauly, 170 U. S. 133, 18 Sup. Ct. 552, 42 L. Ed. 977. A surety company for a consideration is, however, entitled to have its contract interpreted by the ordinary rules of law. Gilmore & P. R. Co. v. United States Fidelity & G. Co., 208 Fed. 277, 279, 125 C. C. A. 477. And the liability cannot be enlarged beyond the scope of the terms of the contract, and where the language is unambiguous the question of construction does not enter.

[2] The pertinent part of the bond recites:

"If the said principal hereinbefore named shall, from noon of the 1st day of July, 1914, to noon of the 1st day of July, 1915, in due and ordinary course of business promptly pay to the said treasurer * * * upon demand * * * all moneys and proceeds * * * which have been or shall hereafter be deposited with, transferred to, or placed in charge of said principal, by or on behalf of the said treasurer, and shall from noon of the 1st day of July, 1914, keep and hold harmless the above named * * * as such treasurer, of and from all liability, loss, and damage which may arise or accrue against said treasurer by reason of the deposit * * * as aforesaid * * * then this obligation shall be void. * * *"

The language employed seems to be clear, and capable of conveying but one idea, and that is the limit of liability to the 1st day of July, 1915, and giving effect to every part of the contract. United States Fidelity & Guaranty Co. v. Board of Commissioners, 145 Fed. 144, 148, 76 C. C. A. 114. And applying the same rules to this as any other contract (American Bonding Co. v. Pueblo Investment Co., 150 Fed. 17, 24, 80 C. C. A. 97, 9 L. R. A. [N. S.] 557, 10 Ann. Cas. 357), the intention of the parties appears to be conclusively established. The case of United States Fidelity & Guaranty Co. v. City of Pensacola, 68 Fla. 357, 67 South. 87, relied upon by plaintiffs, is readily distinguished from the case at bar, in this: That liability in that case was not limited, but the defendant obligated itself to account and pay

over all moneys which may be deposited within the time, and was not merely to insure the payment by the city of its deposits during the contemplated period, but to pay over all moneys' received by the bank by deposits of the city during the stated period, and this obligation continued though the time had expired during which deposits could be made under the obligation of the bond; whereas, in the instant case, the life of the bond is fixed on its face, and in view of the express stipulation of the bond it cannot be reasonably contended that liability would extend for an indefinite period during which the funds would be under the protection of the operation of the bond, and until the plaintiffs saw fit to withdraw them. United States Fidelity & Guaranty Co. v. American Bonding Co., 31 Okl. 669, 122 Pac. 142.

I think the demurrer must be sustained, and such is the order.