## SMITH et al. v. BRAZORIA COUNTY.
### (No. 14344.)

(Supreme Court of Texas.   Nov. 25, 1925.)

Appeal and error ⬤➞362(1)—Question not presented in application for writ of error not considered.

A question as to the amount of interest allowed in a case, which is not presented in the application for writ of error, will not be considered thereon.

On Application for Writ of Error to Court of Civil Appeals of First Supreme Judicial District.

Action by Brazoria County against L. C. Smith and others.  On application for writ of error to review a judgment of the Court of Civil Appeals (275 S. W. 1103), affirming judgment for plaintiff.  Application denied.

Boyles, Brown & Scott, of Houston, for applicant.

PER CURIAM.  The application for writ of error is refused.  The question of the amount of interest allowed in this case, not having been presented in the application for writ of error, has not been considered.

---

## SOUTHERN CASUALTY CO. v. VATTER.
### (No. 14356.)

(Supreme Court of Texas.   Dec. 2, 1925.)

Appeal and error ⬤➞760(1)—Unnecessary to determine whether error would have been shown, where brief contains no statement with proper references to pages of statement of facts.

On application for writ of error to Court of Civil Appeals, where brief of plaintiff in error in Court of Civil Appeals contained no statement with proper references to pages of statement of facts showing whether grounds of objections discussed were true, it becomes unnecessary for Supreme Court to consider whether error would have been shown had brief disclosed truth of grounds of objections.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by J. W. Vatter against the Southern Casualty Company to set aside award of the Industrial Accident Board for plaintiff in unsatisfactory amount.  Judgment for plaintiff was affirmed by the Court of Civil Appeals (275 S. W. 1105), and defendant applies for writ of error.  Dismissed.

Howth, Adams & Hart, of Beaumont, for plaintiff in error.

PER CURIAM.  This case is dismissed for want of jurisdiction on the authorities cited by the Court of Civil Appeals in its opinion.

The brief of the plaintiff in error in the Court of Civil Appeals contained no statement with proper reference to the pages of the statement of facts showing whether the grounds of objection to the evidence discussed by the Court of Civil Appeals were true.  It is therefore unnecessary for this court to consider whether error would have been shown had the brief of plaintiff in error disclosed the truth of the grounds of its objections.