J. P. WEBSTER & SON v. L. C. LUCAS ET AL.

No. 4755.   Decided June 22, 1927.
(296 S. W., 1089).

*Benson & Dean,* for plaintiffs in error, cited:

Rev. Civ. Stats., Art. 2253 (1925); Constitution of Texas, Sec. 42, Art. 3; Rev. Civ. Stats., Art. 11 (1925); Rev. Civ. Stats., Sec. 2, Final Title (1925); Bryan v. Sundberg, 5 Texas, 419; Etter v. M. P. R. R. Co., 2 W. & W., 58; State v. Burgess, 101 Texas, 524, 109 S. W., 922; Yarbrough v. Collins, 91 Texas, 306, 42 S. W., 1052; American Natl. Ins. Co. v. Collins, 149 S. W., 554; American Indemnity Co. v. City of Austin, 112 Texas, 239, 246 S. W., 1019.

*Batts & Wright* and *Eugene Lankford,* for defendants in error, cited:

Adams v. State, 145 S. W., 940; Art. 2084, V. S. C. S.; Art. 2253, R. S., 1925; Brackenridge v. Roberts, 267 S. W., 244; Cohn

v. State, 110 S. W., 66; Cooper v. Yoakum, 91 Texas, 391; Cobb & Gregory v. Dies, 203 S. W., 438; Ennis v. Crump, 6 Texas, 34; Hartsough v. Hardy, 183 S. W., 1; James v. Golson, 165 S. W., 896; Lotto v. State, 208 S. W., 563; McAlister v. Schell, 277 S. W., 805; Nash v. Noble, 114 S. W., 848; Supreme Council, A. L. H., v. Anderson, 83 S. W., 207; Steadman v. Bank, 69 Texas, 50; Scott v. State, 110 S. W., 69; Simpson v. Baker, 122 S. W., 959; Tucker v. Anderson, 25 Texas, 155; Vaughan v. State, 219 S. W., 206; Yount v. Fagin, 225 S. W., 591.

Mr. Justice PIERSON delivered the opinion of the court.

As stated by the Honorable Court of Civil Appeals:

"This cause was tried in the District Court of Callahan County, which court may by law continue in session only four weeks. Appellants reside in Stephens County. Judgment was rendered on November 18, and notice of appeal given. The term adjourned November 26. Appeal bond was filed December 24. Appellees have moved to dismiss the appeal because the appeal bond was not filed within twenty days after adjournment.

"That part of Art. 2253, Revised Statutes, 1925, which is applicable here, provides:

" 'Such bond or affidavit shall be filed with the clerk of the trial court within twenty days after the expiration of the term or after notice of appeal is given when the term continues by law more than eight weeks, if the party taking the appeal resides in the county, and within thirty days if he resides out of the county.' "

The Court of Civil Appeals held that the appeal bond was filed too late under the statute, and, accordingly, dismissed the appeal. A writ of error having been granted, the case is before us for disposition.

As far as we have been able to find, the Supreme Court has never passed upon the construction of this statute; but the statute, practically in its present form, has been construed in numerous decisions by the Courts of Civil Appeals, and those courts have uniformly held that, if the term of court at which the case is tried be less than eight weeks, the appellant in a case must file his appeal bond within twenty days after the expiration of the term, whether he resides in the county or out of it. We think this holding is clearly correct, and will make only a brief statement of some of the reasons for our holding.

The question presented is not so much the justice of the rule or the wisdom of the policy involved. The provisions of law for perfecting an appeal are purely statutory, and the time fixed by statute within which the appeal bond must be filed in order to give jurisdiction to the appellate court must govern. It is a matter of ascertaining the meaning of the statute.

In Revised Statutes of 1879 the requirement in reference to the appeal bond, as provided in Art. 1387, reads as follows:

"* * * and by his filing with the clerk an appeal bond, or affidavit in lieu thereof, as hereinafter provided, within twenty days after the expiration of the term."

Revised Statutes of 1895, Art. 1387, relating to the same subject, reads as follows:

"* * * and by his filing with the clerk an appeal bond, where bond is required by law, or affidavit in lieu thereof, as hereinafter provided, within twenty days after the expiration of the term. If the term of the court may, by law, continue more than eight weeks, the bond, or affidavit in lieu thereof, shall be filed within twenty days after notice of appeal is given, if the party taking the appeal resides in the county, and within thirty days if he resides out of the county."

It will be observed that prior to 1895 the statute had been amended in reference to terms of court which may continue more than eight weeks.

The provisions relating to the same subject in the Revised Statutes of 1911, Art. 2084, are as follows:

"* * * and by his filing with the clerk an appeal bond, where bond is required by law, or affidavit in lieu thereof, as hereinafter provided, within twenty days after the expiration of the term. If the term of the court may, by law, continue more than eight weeks, the bond or affidavit in lieu thereof shall be filed within twenty days after notice of appeal is given, if the party taking the appeal resides in the county, and within thirty days, if he resides out of the county."

As stated by the Honorable Court of Civil Appeals, this case was tried under the law as provided in the Revised Statutes of 1925, and a slight change in the wording of the statute was effected by the Codification Committee, and said Arts. 1387 and 2084 were brought forward in the codification and re-enacted in Art. 2253, in the following language:

"* * * together with an appeal bond or affidavit in lieu thereof as provided by law. Such bond or affidavit shall be filed with the clerk of the trial court within twenty days after the expiration of

the term or after notice of appeal is given when the term continues by law more than eight weeks, if the party taking the appeal resides in the county, and within thirty days, if he resides out of the county."

We detect no real difference in the statute as revised in the codification of 1925 from what it was in the Revised Statutes of 1911 and 1895. The sentence is somewhat shortened, but the wording is in essential respects the same. We can find no intent therein to change the requirements in regard to the filing of the appeal bond. It is true the change did not improve the wording of the statute.

To correct whatever confusion might have been in said Art. 2253 of the last revision, as was disclosed in two or three litigated cases since said revision, the Fortieth Legislature restated the law in said Art. 2253, using the same words as before the revision, as follows:

"* * * and by his filing with the clerk an appeal bond, where bond is required by law, or affidavit in lieu thereof, as hereinafter provided, within twenty days after the expiration of the term. If the term of court may, by law, continue more than eight weeks, the bond, or affidavit in lieu thereof, shall be filed within twenty days after notice of appeal is given, if the party taking the appeal resides in the county, and within thirty days if he resides out of the county." General Laws, Fortieth Legislature, p. 21.

We do not deem it necessary or advisable to discuss the reasons of the statute—that is, the reason why the statute should grant thirty days after adjournment of court, in terms that continue more than eight weeks, for the filing of an appeal bond, where the appellant resides out of the county, and for not allowing thirty days to those residing out of the county where the term continues less than eight weeks. For many years the courts have construed these requirements uniformly, as held herein. We think the legislature, in the revision of 1925 did not change it and the Acts of the Fortieth Legislature restated its purpose and intent that it should continue to be as it had formerly been. While a re-enactment or restatement of a law by a subsequent legislature is not conclusive, yet it is persuasive as to the legislative intent.

Believing that the statute is reasonably clear, and concurring in the uniform construction of it, we conclude that the Honorable Court of Civil Appeals properly dismissed the appeal in this case: and, accordingly, we affirm its judgment.