**610**

See, also (Tex. Civ. App.) 55 S.W.(2d) 614.

H. O. Williams, J. W. Stovall, and Charles Gibbs, all of San Angelo, for appellants.

J. B. Cotten, E. D. Smith, and Ed. S. Pritchard, all of Crane, and Turner, Seaberry & Springer, of Eastland, for appellee.

---

### BATES et al. v. CRANE COUNTY.

No. 2709.

Court of Civil Appeals of Texas. El Paso.

Oct. 20, 1932.

Appellants' Rehearing Denied and Appellee's Rehearing Granted Dec. 8, 1932.

Appellant Bates Rehearing Denied Dec. 22, 1932.

HIGGINS, J.

Appellee brought this suit in the district court of Crane county against the Citizens' National Bank of Odessa, Tex., as principal, and certain individuals as sureties, upon a county depository bond.

On November 18, 1931, judgment was rendered against the bank and the sureties for $25,943.84.

Cost bond upon appeal was filed by certain of the sureties on December 16, 1931. The term at which the case was tried adjourned November 18, 1931. The district court of Crane county may continue in session one week. Acts 41st Leg. c. 19, p. 50, § 2 (Vernon's Ann. Civ. St. art. 199—109).

It will be observed the bond was not filed within the twenty-day period required by article 2253, R. S. The filing of the bond within that time is a jurisdictional matter and necessitates dismissal of the appeal of all the sureties except Geo. F. Bates, administrator of the estate of W. F. Bates, deceased.

■ The record discloses that all of the defendants are nonresidents of Crane county and the bond was filed in the thirty-day period allowed to nonresidents by article 2253. But the thirty-day period so allowed has no application unless the term may by law continue in session more than eight weeks. It has often been so held by the various courts including the Supreme Court, in an opinion by Justice Pierson. Webster & Son v. Lucas, 117 Tex. 64, 296 S. W. 1089.

The record discloses that administration upon the estate of W. F. Bates is pending in the county court of Ector county. The appeal by George F. Bates is in his fiduciary capacity as administrator of said estate and he was not required to give bond. Article 2276, R. S. His appeal was perfected by notice thereof which was properly given.

His appeal is therefore before this court for consideration upon its merits.

The facts are undisputed.

At the February term, 1929, the above-named bank was selected by the commissioners' court of Crane county as the county depository. Bond was given, accepted, and approved with appellants as sureties, which reads:

"The State of Texas, County of ――――

"Know All Men by These Presents:

"That The Citizens National Bank of Odessa, Ector County, Texas, as principal, and W. F. Bates, F. A. Henderson, H. D. Cody, Mrs. Lula Satterwhite, Lee Satterwhite and Henry Pegues, and ――――, as sureties, are held and firmly bound unto Ben F. Allen, County Judge of Crane County, Texas, and to his successor in office in the penal sum of sixty-five Thousand and no/100 ($65,000.00) Dollars, for the payment of which well and truly to be made in lawful money of the United States of America, we hereby bind ourselves, our heirs, executors and administrators firmly by these presents, both jointly and severally.

"Signed with our hands, sealed and dated this the 23rd day of March, A. D. 1929.

"The conditions of the foregoing obligation are such that whereas the above bounden principal was on the 11th day of February, A. D. 1929, duly and legally chosen by the Commissioners' Court of Crane County, Texas, as county depository for said County for a period of two years, ending sixty (60) days after the time fixed the law for the next selection of a depository, upon its bidding and agreeing to pay to the County of Crane interest on daily balances kept in said depository of said County of Crane at the rate of two per cent. per annum, said interest payable monthly.

"Now, therefore, if the above bounden principal, The Citizens National Bank of Odessa, Texas, shall faithfully do and perform all the duties and obligations devolving upon it by law as the county depository of Crane County, and shall upon presentation, pay checks drawn on it by the County Treasurer of Crane County, Texas, shall faithfully keep and account for all funds belonging to the County which are deposited with it and all other funds deposited with it under the requirements of Chapter 2, Title 47, Revised Civil Statutes 1925, and shall pay the interest at the time and at the rate hereinabove stipulated; and shall at the expiration of the terms for which it has been chosen turn over to its successor all the funds, property, and other things of value coming into its hand as such depository, then and in that event this obligation is to be and become null and void, otherwise to remain in full force and effect.

"Any suit arising out of or in any way connected with this bond shall be tried in the County of Crane and State of Texas, in any court therein having jurisdiction of the subject matter thereof."

The sixty-day period referred to in the bond expired April 10, 1931.

On February 9, 1931, the commissioners' court entered an order selecting the same bank as its depository for the next two years upon the making and approval of its bond. Such bond was never given.

On April 14, 1931, the bank closed its doors and suspended business. The moneys for which judgment was rendered was all deposited prior to April 10, 1931. It is not shown the bank dishonored any check drawn upon it by the county treasurer and presented for payment prior to April 14, 1931.

An act of the 41st Legislature (chapter 11, p. 33) effective February 9, 1929 (Vernon's Ann. Civ. St. art. 2547), provides that the depository bond shall be conditioned as follows: "The condition of the personal bond or bonds, or contract for securities pledged as hereinabove provided, shall be conditioned for the faithful performance of all the duties and obligations devolving by law upon such depository, and for the payment upon presentation of all checks drawn upon said depository by the County Treasurer of the county and that said county funds shall be faithfully kept by said depository and accounted for according to law." This act was in effect upon the date the bond in question was given and approved.

■ The condition of the bond sued upon is not in the language of article 2547, R. S. 1925, nor of the amendatory act above quoted. But it is a statutory bond and the statute is read into it. The condition will be treated as the statutory one, as appellee contends should be done. New Liberty, etc., v. Merchants' & Planters' Bank (Tex. Civ. App.) 273 S. W. 330; American Surety Co. v. Tarbutton (Tex. Civ. App.) 248 S. W. 435; Trinity, etc. v. Lion, etc. (Tex. Com. App.) 229 S. W. 483.

"A surety's undertaking will not be extended beyond the plain import of its language, unless the law under which it is entered into ascribes to it a more extended meaning.

Murfree, Off. Bonds, § 710." Coe v. Nash, 91 Tex. 113, 41 S. W. 473, 476.

"Many authorities have firmly settled the doctrine that the liability of sureties upon official bonds cannot legitimately be extended beyond 'the reasonably necessary import of the language' of the bond, or by inference be made to exceed their express undertaking; their liability being strictissimi juris." Brown v. Sneed, 77 Tex. 471, 14 S. W. 248, 252.

In 22 R. C. L. title Public Officers, § 199, it is said: "Limitation of Liability to Defaults in Particular Term. The rule is well settled that where the office of the principal is for a definite term, the surety will be held liable only for a default of the principal during the term for which the bond was given, and this is true although the words of the condition in the bond are general and indefinite as to time."

In 9 C. J. title Bonds, at section 65, it is said: "Commencement and Duration of Liability. The time when the obligor's liability under the bond commences and the length of time for which it continues depend on the terms of the bond. * * * General and indefinite words in the bond will be controlled by a recital specifying the time in which a condition is to be performed, and whether the liability is a continuing one, although the time will not be extended by an implied condition beyond that which it was evidently intended by the terms of the obligation to cover."

And at section 74, it is said: "As Affected by Term for Which Elected or Appointed. A bond should be restricted by the term of the office or employment so that every new election or appointment should be considered the choice of a new officer or employee, and a new bond should be taken; and it is well settled that, where an officer gives a bond conditioned for the faithful performance of his duties and unlimited as to time, but his term of office is prescribed, such bond is only for the term for which the officer has been appointed or elected at the time it is given, and that there is no liability on the bond for any breach of the condition happening after the expiration of the term, although the officer may be continued in office under the same or a new appointment or election, unless the bond is renewed or clearly shows an intention that liability thereon shall continue during successive terms of office to which the officer may be elected or appointed; but this latter rule applies only to a continuous holding of office, as the bond ceases to be in force if there is an interruption in the principal's holding of the office. Even where there is language in the condition carrying the liability beyond the time for which the principal is appointed or elected, it is construed with considerable strictness, and liability on the bond continues only for such time as is plainly and explicitly therein specified."

See, also, 21 R. C. L. §§ 28 and 30, at pages 975 and 980.

It is the duty of the commissioners' court at the February term, following each general election, to receive bids from those desiring to be selected as the depository of county funds. Article 2544. On the first day of that term it is the duty of the court to select as such depository the one offering to pay the highest interest rate. Article 2546. Within five days thereafter it is the duty of the selected depository to give bond or other security. Article 2547, as amended by above-mentioned Act of 41st Leg. c. 11, p. 33 (Vernon's Ann. Civ. St. art. 2547).

When the bond has been given and approved an order shall be made and entered by the court designating the selected one "as a depository of the funds of said county until sixty days after the time fixed for the next selection of a depository." Article 2549.

Article 2550 provides what shall be done in case no proposals are submitted, or no bid for the entire amount of county funds be made, or all proposals made are declined.

These provisions impose upon the commissioners' court the duty of receiving depository bids every two years at the February term following each general election and upon the first day of that term to select the bidder offering to pay the highest rate of interest and within five days after the selection of the depository the one so selected is required to give bond and when such bond is approved the successful bidder is to be designated "as a depository of the funds of said county until sixty days after the time fixed for the next selection of a depository"; and if no proposals are received, etc., then the court shall deposit the funds and require bond as provided in article 2550.

Sureties upon a depository bond contract with reference to these statutory provisions and are bound thereby. They are likewise entitled to the protection thereof. They have a right to assume the commissioners' court will do its duty and they know if such duty is performed they will be relieved of liability upon the bond at the expiration of the sixty-day period provided for in article 2549. *This sixty-day period is manifestly intended as a period of grace for the benefit of the county during which time the new depository is to be selected, bond given and approved, and liability shifted from the old depository and its bondsmen to the new depository and its bondsmen.*

The statutes clearly negative the view that liability upon a depository bond is a continuing one beyond the sixty-day period and we are of the opinion the sureties upon such a bond are not liable for a breach occurring

after the expiration of the sixty-day period. Such period ended April 10, 1931, and the bank did not suspend business until four days later.

Appellee cites American Surety Company v. Tarbutton (Tex. Civ. App.) 248 S. W. 435, 438; Farmers' State Bank v. Brazoria County (Tex. Civ. App.) 275 S. W. 1103, 1105; Smith v. Brazoria County, 115 Tex. 148, 278 S. W. 177, and New Liberty, etc., v. Merchants' & Planters' Bank (Tex. Civ. App.) 273 S. W. 330.

The Tarbutton Case was a suit upon the bond of a depository of independent school district funds. The terms of the statute governing that bond required the depository "to serve as such until its successor was 'duly selected and qualified.' " In that case the selected successor had not qualified and the liability of the bonds were continued until such qualification by virtue of the statute. For this reason the Tarbutton Case has no present application.

The facts in Farmers' State Bank v. Brazoria County are meagerly stated in the opinion, and we cannot determine the date of the alleged breach but from the opinion it seems that no point in that respect was made. The inference we draw from the opinion is that the breach occurred after the two-year period but within the sixty-day period. The court held that "the life of this bond" was not limited to two years but continued for sixty days thereafter.

New Liberty, etc., v. Bank, does not in any wise support the recovery in this case. Appellants rely upon this case, but we regard it as having no special application to the present facts.

Appellee's position, briefly stated, is that since the money sued for was all deposited prior to the expiration of the sixty-day period and same has not been accounted for to the county, but lost, the sureties are liable therefor upon their bond.

But as we view it the bond was not a continuing one, but liability thereon was limited to a period of two years and sixty days; no breach during that period occurred and the sureties are not liable for a breach caused by the bank's failure occurring four days after the expiration of the sixty-day period.

We think the case falls within the well-settled general rule that sureties upon an official bond are not liable for a default of the principal occurring after the expiration of the term for which the bond was given.

No case has been cited, and we have found none, which is directly in point upon the facts; but in support generally of our ruling, see the following: O'Brien v. Murphy, 175 Mass. 253, 56 N. E. 283, 78 Am. St. Rep. 487; State v. Rosman, 84 Mont. 207, 274 P. 850; Pacific County v. Illinois, etc. Co. (D. C.) 234 F. 97; Board of Administrators v. McKowen, 48 La. Ann. 251, 19 So. 553, 55 Am. St. Rep. 275; Moss v. State, 10 Mo. 338, 47 Am. Dec. 116.

The appeal of Lula Satterwhite, Lee Satterwhite, Henry Pegues, and F. A. Henderson, is dismissed because of their failure to file their appeal bond within the time prescribed by law. The judgment against Geo. F. Bates, administrator of the estate of W. F. Bates, deceased, is reversed and here rendered in his favor.

### On Rehearing.

Appellee, in its motion for rehearing, for the first time calls attention to a number of cases, consideration of which leads us to the conclusion we erred in our original opinion and ruling.

These cases announce the rule that in suit upon a depository bond conditioned that the depository will account for the deposited funds, the mere fact that the period contemplated by the bond for making deposits may have expired before the failure of the depository does not relieve the sureties upon such a bond from obligation and liability to pay over all funds deposited during the period contemplated for deposits being made. Such obligation continues though the time has elapsed during which deposits might lawfully be made. 22 R. C. L. p. 229, § 8; 18 C. J. p. 589, § 63; U. S. F. & G. Co. v. City of Pensacola, 68 Fla. 357, 67 So. 87, Ann. Cas. 1916B, 1236; School Dist. No. 75 v. Farmers' State Bank, 182 Minn. 381, 234 N. W. 594; Board of Commissioners v. Citizens' Bank, 67 Minn. 236, 69 N. W. 912; School District No. 18 v. Stomberg, 61 N. D. 6, 236 N. W. 728; County of Emmons v. Kleppe, 61 N. D. 536, 238 N. W. 651; Equitable S. Co. v. Board of Finance of Jackson Tp., 186 Ind. 650, 117 N. E. 860.

In our opinion these cases announce the correct rule and we erred in our original disposition of the case.

The sureties, whose appeals were dismissed, have also filed motion for rehearing. They assert that since the judgment of the lower court against Bates was reversed, the same should also be reversed as to them notwithstanding their failure to file appeal bond within the time required by law.

The propriety of such action is considered and sustained in opinion this day handed down by Chief Justice Pelphrey upon rehearing in the companion case of Bates v. Crane County (Tex. Civ. App.) 55 S.W.(2d) 614.

Such question, however, passes out of the present case by the action taken upon appellee's motion for rehearing. Accordingly, the motion of the sureties whose appeals were dismissed is overruled.

The motion of Crane county is sustained, and the judgment against Bates, administrator, is affirmed.