GEORGE F. BATES, ADMINISTRATOR, ET AL. V. CRANE COUNTY.

No. 6442. Decided January 29, 1936.
(90 S. W., 2d Series, 246.)

*Chas. Gibbs, J. W. Stovall* and *H. O. Williams,* all of San Angelo, for plaintiffs in error.

*J. B. Cotton,* County Attorney of Crane County, and *E. D. Smith,* both of Crane, *Ed S. Pritchard,* of Fort Worth, *Turner, Seaberry & Springer,* of Eastland, for defendant in error.

*Allen Wight,* of Dallas, filed argument as amicus curiae.

MR. PRESIDING JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

This is a companion case to Crane County v. George F. Bates, Administrator, this day decided. That case involved the depository's bond securing school funds; this case involves the bond securing county funds, by the same depository, with F. A. Henderson, H. D. Cody, Lula Satterwhite, Lee Satterwhite, Henry Pegues, and W. F. Bates as sureties. Bates died before the institution of the suit and George F. Bates, administrator of his estate, with the principal and other sureties were defendants in the court below.

The bond dated March 23, 1929, was finally approved by the Commissioners Court (having previously been approved by the Comptroller) on May 29, 1929, in the sum of $65,000.00, payable to Ben F. Allen, County Judge of Crane County, Texas, and his successor in office, and was conditioned:

"Now, Therefore, if the above bounden principal The Citizens National Bank of Odessa, Texas, shall faithfully do and perform all the duties and obligations devolving upon it by law as the county depository of Crane County, and shall, upon presentation, pay checks drawn on it by the County Treasurer of Crane County, Texas, shall faithfully keep and account for

all funds belonging to the county which are deposited with it and all other funds deposited with it under the requirements of Chapter 2, Title 47, Revised Civil Statutes 1925, and shall pay the interest at the time and at the rate hereinabove stipulated; and shall at the expiration of the term for which it has been chosen turn over to its successor all the funds, property and other things of value, coming into its hands as such depository, then and in that event this obligation is to be and become null and void, otherwise to remain in full force and effect," after reciting that said bank was chosen by the Commissioners Court of Crane County, as county depository for said county for a period of two years, ending sixty days after the time fixed by law for the next selection of a depository, upon its bidding and agreeing to pay to the county, interest on daily balances kept in said depository, at the rate of two per cent per annum, interest payable monthly.

On February 9, 1931, the same bank was again selected as the county's depository, for the next two years upon the making and approval of its bond, but such bond was never given and therefore such re-selection was ineffective.

The sixty days' period referred to in the bond herein sued upon expired April 10, 1931, and all county funds involved in this suit were deposited prior to that date. The bank closed its doors and suspended business on April 14, 1931, and a receiver was appointed by the Comptroller of the Currency.

When the bank was closed there was on deposit with it, certain county funds, for which upon a trial before the court, judgment was rendered in favor of the county in the sum of $25,943.84 against all the defendants, jointly and severally; the sureties were awarded judgment over against the bank and subrogated to the rights of the plaintiff as to its claim against the bank's receiver, for allowance out of the pro rata payment of dividends accruing to plaintiff. Said judgment was affirmed by the Court of Civil Appeals. 55 S. W. (2d) 610.

As in the companion case (Crane County v. Bates, Administrator, ante p. 470), plaintiffs in error contend that their obligation ceased and they are not liable for a default of their principal occurring after the expiration of the term for which the bond was given, and no recovery should be had against them until it is shown that the funds have been misapplied or the principal has become insolvent *during the life of the bond;* they argue, because it having been shown that the depository,

during that time, did pay all checks and drafts drawn against it, the conditions of the bond were compiled with and there was no default of such a nature as to authorize judgment against the sureties; they say, also, that the sureties did not guarantee that said funds would be available to be drawn upon or be paid over to the payee in the bond at any time after two years; furthermore, they argue that because the Comissioners Court, having accepted the bid of the same bank as depository for the ensuing biennium (1931-1932), it became its own successor and the sureties upon a pre-existing depository bond were released, if the balance due was permitted to remain in the custody of the bank, as its own successor, notwithstanding the selection of the successor never became effective because it never made bond or furnished security.

The above contentions were considered and overruled in said companion case; for the reasons stated therein we think the judgments of the District Court and Court of Civil Appeals should be, and are hereby, affirmed.

Opinion adopted by the Supreme Court January 29, 1936.