## McCOMBS v. CLEVELAND STATE BANK. (No. 857.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 14, 1922. Rehearing Denied Nov. 22, 1922.)

Mortgages ⟨⟫424—Limitations run only from maturity of debt secured, although, debt being for further advances, its "date of maturity" does not appear from face of mortgage.

Where deed of trust was executed May 15, 1915, to secure a note maturing September 28, 1915, and also future advances by mortgagee to mortgagor, and a note evidencing further advances was executed May 15, 1920, due 90 days after date, suit filed October 13, 1920, to recover on the latter note and to foreclose the trust deed as securing it was not barred by Vernon's Sayles' Ann. Civ. St. 1914, art. 5693, the four-year mortgage foreclosure limitation statute, in view of its proviso that a mortgage securing several obligations may be enforced as to all obligations not barred by the four-year limitation; the "date of maturity set forth in the * * * deed of trust," which is, by article 5695, made "conclusive evidence of the date of maturity of the debt therein mentioned," not being limited to the date of maturity of the specific debt mentioned in the deed of trust, but including the date of the maturity of

any item of future advances although not specifically mentioned.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Date.]

Appeal from District Court, Liberty County; D. F. Singleton, Judge.

Action by the Cleveland State Bank against J. S. McCombs and others. Judgment for plaintiff, and the named defendant appeals. Affirmed.

William McMurrey, of Cold Springs, for appellant.

Hill & Hill, of Houston, and J. Llewellyn, of Liberty, for appellee.

O. QUINN, J. Appellee, on October 13, 1920, sued appellant, Wm. McCombs, J. V. Love, D. M. Love, and A. G. Johnson to recover on a note for the sum of $3,089.83, executed May 15, 1920, and due 90 days after date, and to foreclose certain mortgages given to secure the payment of said note. On July 28, 1921, appellee filed its amended petition, in which it asked for the foreclosure of a certain deed of trust on certain lands owned by appellant, executed May 15, 1915, by appellant in favor of appellee to secure the payment of a note of same date and due five months after date, that being September 28, 1915, and such further sum or sums as appellant might be due and payable to appellee in the future.

Appellant answered and specially excepted to appellee's allegation setting up said deed of trust and asking for a foreclosure of same, alleging that said deed of trust was barred by the four-year statute of limitation, which exception was overruled by the court, and to which appellant excepted.

The case was tried before the court without a jury, and resulted in a judgment for appellee for its debt and foreclosure of the several mortgages and the deed of trust, from which judgment J. S. McCombs and Wm. McMurray have appealed, J. S. McCombs alone assigning error.

Appellant's only assignment of error complains of the court's overruling appellant's special exception and plea of limitation as to the deed of trust, asserting that same should have been sustained because more than four years had elapsed after the maturity of the debt therein mentioned, the note which matured September 26, 1915, and before filing of this suit on October 13, 1920, and refers us to Vernon's Sayles' Civil Statutes, arts. 5693 and 5695.

Appellant's first proposition under this assignment is:

"No power of sale conferred by any deed of trust or any mortgage on real estate * * * shall be enforced after the expiration of four years from the maturity of the indebtedness secured thereby."

---

This is almost a literal quotation from article 5693, supra, and hence is statutory law, but said article also contains the following:

"Provided, if several obligations are secured by said mortgage or deed of trust, the same may be enforced at any time prior to four years after the note or obligation last maturing has matured and may be enforced as to all notes or obligations not then barred by the four years statute of limitations."

The deed of trust in question contained the following recital:

"And whereas it is contemplated that said J. S. McCombs may hereafter become indebted unto said party of the third part in further sum or sums, which said indebtedness now accrued or to accrue in the future, it is agreed shall all be payable at Cleveland, Texas, and bear interest at the rate of 10 per cent. per annum from date of accrual until paid, by whatever means the same shall accrue, and this conveyance is made for the security and enforcement of the payment of said present and future indebtedness."

[1] It is thus seen that said deed of trust not only secured the note therein mentioned, but also any future sum or sums of indebtedness made in contemplation of said instrument, and the note herein sued on was made after the execution of said conveyance in the course of dealings between said parties, and constituted "future indebtedness" within the sense and contemplation of said instrument. The proposition is not applicable to the facts, and hence not well taken, and is overruled. Poole v. Cage (Tex. Civ. App.) 214 S. W. 500 (writ denied).

Appellant's second proposition is:

"The date of maturity set forth in the deed of conveyance or deed of trust or mortgage or recorded renewal and extension of the same shall be conclusive evidence of the date of maturity of the indebtedness therein mentioned."

This is a clause taken bodily from article 5695, supra. Of course, if there be but one item of indebtedness mentioned in the conveyance, the law points to that only, but, if there are more than one, the due date of each speaks for itself, and the statute applies equally to each. In the instant case the conveyance was given for the purpose, not only of securing the payment of the note maturing on September 26, 1915, but also for securing the payment of any future indebtedness contracted within the contemplation of the parties at the time of the execution of the conveyance. It is not denied but that the note sued on was made in such contemplation. It was dated May 15, 1920, and became due August 15, 1920. Suit thereon was filed October 13, 1920.

But appellant insists that under article 5695, supra, and the clause in same above quoted, there being but one specific debt, the note which became due September 26, 1915, mentioned in said deed of trust, that said date is the "due date" contemplated by the statute, and hence that the deed of trust was barred four years after said date by the four-year statute of limitations.

[2] This contention cannot be sustained. Appellant admits that "future indebtedness" clauses in deeds of trust and mortgages are valid, and the note here sued on falls within that kind of provision contained in the deed of trust sought to be foreclosed. The question here is ruled by the case of Poole v. Cage, supra. In that case the identical question here involved was decided. In the case cited appellants brought suit to restrain appellees from selling a tract of 758 acres of land under power conferred by a deed of trust. The deed of trust was given to secure the payment of a note due 90 days after date, and contained the identical "future indebtedness" clause as the conveyance here in question. In the course of their dealings, appellants became indebted to appellees in various sums evidenced by various notes of various dates, covering a period of more than eight years. Appellants pleaded limitation against the items for which appellees claimed a lien on the land, and invoked articles 5693, 5694, and 5695, Vernon's Sayles' Civil Statutes, and contended that by virtue of same, appellees had lost their right to assert any lien against the land described in the deed of trust.

In that case, as in the case at bar, appellants assailed the judgment on the ground that, when the note mentioned in the deed of trust became barred, the deed of trust became invalid, notwithstanding its "future indebtedness" clause. It is thus seen that the identical and the only question here involved was there decided. Judge Pleasants, in discussing same, says:

"We fail to see what bearing these statutes [articles 5693 and 5695] have upon the question of the validity of a future indebtedness clause in a mortgage or deed of trust. Their sole purpose is to prohibit the sale of land under a trust deed or its recovery by a vendor after the debt for which the lien was created has become barred by limitation, and to provide that any renewal of the debt should be by written instrument duly acknowledged and recorded. "As we have before shown, no judgment was rendered in this case foreclosing a lien for any barred indebtedness, and no question of any renewal of the indebtedness is presented."

In the instant case no judgment was rendered foreclosing a lien for any barred indebtedness, and no question of renewal is presented. There is no force in appellant's contention, and the same is overruled.

The judgment should be affirmed; and it is so ordered.