ROBINSON et al. v. CLEVELAND STATE
BANK et al. (No. 1281.)*

(Court of Civil Appeals of Texas. Beaumont.
Feb. 27, 1926. Rehearing Denied
March 10, 1926.)

**1. Mortgages ⊕497(1).**

Judgment of foreclosure of lien of deed of
trust against plaintiff's predecessors in title
*held* res judicata in trespass to try title suit.

**2. Mortgages ⊕295(1).**

Where former owner conveyed land to gran-
tee under deed of trust, lien under trust deed
was extinguished.

**3. Liens ⊕22.**

Where primary lien is foreclosed, junior
lienee is not subsequently entitled to recover in
action to foreclose without tender or offer to
pay primary indebtedness.

**4. Appeal and error ⊕703.**

Assignment of error to refusal of requested
instruction for peremptory verdict will not be
considered on appeal, in absence of showing in
record of such requested charge.

**5. Appeal and error ⊕742(1), 759, 761.**

Cross-assignment of error will not be con-
sidered on appeal, where assignment is not
brought forward in brief and there is no prop-
osition based upon it, or points stated in brief,
in view of rules 30, 32.

Appeal from District Court, San Jacinto
County; J. L. Manry, Judge.

Trespass to try title by Tod Robinson and
others against the Cleveland State Bank and
others, in which defendants brought a cross-
action joining one Standley and others as de-
fendants. From a directed verdict in favor
of defendants, plaintiffs appeal, and from a
directed verdict in favor of defendants on the
cross-action, plaintiffs on the cross-action ap-
peal. Affirmed.

H. E. Marshall, of Houston, and Wm. Mc-
Murrey, of Cold Springs, for appellants.

W. L. Hill, of Houston, E. W. Love, of
Cleveland, and Rowe & Rowe, of Livingston,
for appellees.

O'QUINN, J. The appellants, Tod Robin-
son, Jim McMurrey, J. F. Johnson, F. L.
Roark, Frank McMurrey, and V. W. McMur-
rey, who were plaintiffs below, filed this suit
in the district court of San Jacinto county,
Tex., on September 17, 1923, in trespass to
try title to certain lands described in their
petition, against the Cleveland State Bank,
I. T. Patrick and R. E. L. Keller. Later,
plaintiffs filed an amended original petition
in trespass to try title, and, in the alterna-
tive, for a foreclosure of a deed of trust lien
on the land given to secure the payment of a
note which they alleged they owned and held,
in case it should be determined that they
did not have title to the land.

Defendants answered by plea of not guilty,
and further specially pleaded:

"Further answering plaintiff's petition, the
defendants say that heretofore, to wit, on the
29th day of April, 1915, J. S. McCombs, being
the then owner of the land described in plain-
tiff's petition, executed a mortgage and deed of
trust for the purpose of securing the Cleveland
State Bank in the payment of certain sums of
money, including the amount hereinafter set
forth, and that afterwards, to wit, on the 3d day
of November, 1921, by decree of the district
court of Liberty county, Tex., in a certain cause
styled Cleveland State Bank v. J. S. McCombs
et al., wherein the Cleveland State Bank was
plaintiff and J. S. McCombs, William McMur-
rey, J. V. Love, D. M. Love, and G. A. Johnson
were defendants, a judgment was rendered in
favor of the said Cleveland State Bank against
the said defendants named in said cause for the
sum of $3,908.66, with interest at the rate of
10 per cent. per annum from the date of said
judgment. The said judgment also foreclosed
the said mortgage lien against the land de-
scribed in plaintiff's petition. That said judg-
ment decreed that the said mortgage of April
29, 1915, was a valid and subsisting lien for
the sum of $3,908.66, with interest as afore-
said. That under and by virtue of said judg-
ment an order of sale was issued on the 3d
day of January, 1923, directing a foreclosure of
said lien, and said land described in plaintiff's
petition was sold by the sheriff of San Jacinto
county, Tex., under said order of sale to the
said Cleveland State Bank for the sum of $4,-
000; and that a part of said land was subse-
quently conveyed by the Cleveland State Bank
to the defendants I. T. Patrick and R. E. L.
Keller.

"These defendants allege that if for any rea-
son they are not entitled to recover said land
that the plaintiffs are in no position to recover
the same without redeeming said premises and
paying off the said lien and judgment, for the
reason that such claim that they have to the
premises in controversy was acquired subse-
quently to the mortgage of the Cleveland State
Bank; that before the plaintiffs can recover said
property that they be required to do equity and
pay off the said judgment and lien; that the
plaintiffs had notice of said lien, both actual
and constructive, before they acquired any in-
terest in the premises."

In said answer defendants also brought a
cross-action against plaintiffs for the land,
and also made certain parties known as the
Standley defendants parties defendant to
their cross-action.

Plaintiffs, by supplemental petition, replied
to the answer and cross-action of defendants
as follows:

"And for further answer they deny all and
singular the allegation contained in defendants'
answers, and of this they put themselves upon
the country.

"And for further answer plaintiffs say that
the deed of trust mentioned in defendants' an-
swer was fully paid off and discharged.

"That on or about the 28th day of April A.
D. 1915, the said J. S. McCombs executed a
chattel mortgage on cattle to the said State

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction May 5, 1926.

Bank of Cleveland further securing said note of $6,000. That as a further consideration for the payment to it of the amount due on the said $6,000 note by the said Houston National Exchange Bank the said State Bank of Cleveland agreed to release the said cattle from said chattel mortgage; that upon payment of said amount on said note to it by the said Houston National Exchange Bank, the said State Bank of Cleveland caused said chattel mortgage to be canceled January 27, 1916, releasing said cattle from said chattel mortgage.

"Plaintiffs say that on March 8, 1920, J. S. McCombs and his wife, Mrs. Lucy McCombs, executed to Wm. McMurrey, trustee, a deed in trust to secure the payment to V. W. McMurrey a note for $8,000, executed by the said McCombs to the said V. W. McMurrey, dated March 8, 1920, due 60 days after date, bearing 8 per cent. per annum interest from date of execution, and providing for 10 per cent. attorney fees as collection costs.

"That on December 15, 1920, the said J. S. McCombs and Mrs. Lucy McCombs, by deed of that date, conveyed the lands involved in this suit to Wm. McMurrey in fee; that on April 18, 1921, the said Wm. McMurrey conveyed to Frank McMurrey, trustee, by deed of trust, the lands involved in this suit to secure the payment of the said indebtedness of J. S. McCombs to V. W. McMurrey; that on January 18, 1923, Wm. McMurrey conveyed by deed of that date the lands involved in this suit to V. W. McMurrey in fee in consideration of the cancellation of the said indebtedness; that on January 23, 1923, the said V. W. McMurrey conveyed by deed of said date the lands involved in this suit to the San Jacinto State Bank in fee; and that on July 18, 1923, the said San Jacinto State Bank, acting by its president, Tod Robinson, conveyed by deed of that date lands involved in this suit in fee.

"Plaintiffs say that the sale under foreclosure of the lands involved in this suit on the 3d day of January, 1923, by the State Bank of Cleveland under its judgment in the district court of Liberty county, did in no way affect the title of V. W. McMurrey, nor of the trustee, Frank McMurrey, nor of the title of Wm. McMurrey, nor of the title of V. W. McMurrey in fee.

"Plaintiffs further say that if the court should find that the Cleveland State Bank by its foreclosure sale did acquire in said lands by the sale thereof in January, 1923, under its foreclosure, by reasons of the fact that, at the time of said sale, Wm. McMurrey, mortgagee in said deed of trust to Frank McMurrey, trustee, for V. W. McMurrey, beneficiary, then plaintiffs' offer to the said Cleveland State Bank and those claiming under it the right to pay off the said indebtedness to V. W. McMurrey and take the title to said lands, and upon the said defendants' failure to so pay the amount due on said indebtedness to V. W. McMurrey then the title to remain in plaintiffs.

"Plaintiffs further plead that they were not parties to the proceedings alleged by the defendants to have taken place in the district court of Liberty county, Tex., wherein the defendant, the Cleveland State Bank, was plaintiff and J. S. McCombs, Wm. McMurrey, J. V. Love, D. M. Love, and G. A. Johnson were defendants, in which it is alleged that plaintiff recovered a judgment against the named defendants and foreclosed a lien given by the said J. S. McCombs to the State Bank of Cleveland on the lands involved in this suit and said lands sold to the defendant the Cleveland State Bank, and therefore their rights in said lands were not affected by said proceedings, but they are entitled to all the defense said they might have made against said proceedings set out in defendants' original answer, in which proceedings they were not made parties.

"Plaintiffs allege that the provision in the deed of trust executed by J. S. McCombs on April 28, 1915, to the State Bank of Cleveland to secure any note to said bank in the sum of $6,000, reciting that further advances were contemplated being made to the said J. S. McCombs by the said bank, and that said deed of trust was intended also to secure said future advances, was left in said deed of trust by error and mistake; that in fact no future advances were in contemplation by the said J. S. McCombs and the said bank; that on the 19th day of October, 1915, following the State Bank of Cleveland, the predecessor of the defendant, the Cleveland State Bank duly and legally transferred and assigned said $6,000 note to the Houston National Exchange Bank of Houston, Tex., without recourse on the State Bank of Cleveland; that the consideration for the transfer of said $6,000 note by the said State Bank of Cleveland to the Houston National Exchange Bank was the payment by the said Houston National Exchange Bank to the said State Bank of Cleveland the full amount, principal and interest, of said $6,000 note, and the release by the said State Bank of Cleveland of its lien upon the lands involved in this suit created by the said deed of trust of date April 28, 1915; that Jeff Cochran, the trustee in said deed of trust, duly executed an instrument in writing releasing said lien and delivered the same to the Houston National Exchange Bank, or to its agent, F. F. Dearing, who was then an officer of said bank; that said instrument of writing has been lost, affidavit of which fact plaintiffs are having filed in this cause, and give defendants notice that they will offer secondary evidence of the contents of said writing.

"Plaintiffs further say that the assignment by the State Bank of Cleveland on October 19, 1915, to the Houston National Exchange Bank, without recourse on said State Bank of Cleveland, of said $6,000 note, carried with such assignment all rights, title liens, and interest that the said State Bank of Cleveland had in said lands to secure the payment of the said $6,000 note, and such lien and rights thereunder passed to the said Houston National Exchange Bank, and the State Bank of Cleveland was thereby divested of all right or title under said deed of trust, and the same was invested in the said Houston National Exchange Bank, and the State Bank of Cleveland had nothing in said lands to foreclose, its lien having passed to the said Houston National Exchange Bank.

"Wherefore plaintiffs pray the court as heretofore that they have judgment against defendants for title and possession of said lands and premises and for costs of court and for such other and further relief, general and special, in law and in equity that they may show themselves entitled to receive."

Defendants answered this supplemental petition as follows:

"I. That they are not guilty of the injuries complained of against them in plaintiffs' petition, and they deny all and singular the allegations in said petition contained, and of this put themselves upon the country.

"II. For further answer in this behalf, said defendants say that, claiming the same under a deed and deeds duly registered, and paying all taxes thereon, they have had and held peaceable, continuous, and adverse possession of the premises described in plaintiffs' petition for more than five years next after the accrual of plaintiffs' cause of action, and before the filing of plaintiffs' petition in this cause, and that they have a good and perfect title to said land under the five-year statute of limitation.

"II-A. As to the plea in plaintiffs' third supplemental petition, to the effect that the provision in the deed of trust from McCombs to the State Bank of Cleveland to secure future advances was included in said deed of trust by mistake, defendants say that if such be true, then said mistake occurred more than four years next before the filing of said supplemental petition and after plaintiffs' rights of action to same matured, and an action to correct said alleged mistake is barred by the statute of limitation of four years.

"III. Further answering, said defendants say that, claiming to own the fee simple title to said land, they have had and held peaceable, continuous, and adverse possession for more than ten years after plaintiffs' cause of action accrued and before the filing of plaintiffs' petition in this cause, and that they have a good and perfect title to said land under the ten-year statute of limitation.

"IV. Said defendants further say that all matters and things at issue in this cause between the plaintiffs and these defendants have been heretofore heard and determined by the court of competent jurisdiction, and that said matters and things so at issue in this cause are res adjudicata as between the parties plaintiff and these defendants, and that the same cannot now be further inquired into in this, to wit: That plaintiffs and these defendants each claim title to the premises in controversy under J. S. McCombs as common source of title. That these defendants claim their title under a deed of trust executed by said McCombs to defendants' predecessor, the State Bank of Cleveland, on the 28th day of April, 1915. That the plaintiffs claim title to the premises in controversy under deed of trust executed by said McCombs to William McMurrey on the 6th day of March, 1920, and by conveyances under said deed of trust. That the only issue of fact and law between the plaintiffs and defendants in this cause is as to whether or not the deed of trust, executed by said J. S. McCombs to the State Bank of Cleveland on the 28th day of April, 1915, was valid, subsisting, and unsatisfied on the 3d day of November, 1921, and whether or not on said last named date the Cleveland State Bank had a valid, subsisting and unsatisfied lien on the premises in controversy. That said issue was tried as between the Cleveland State Bank as plaintiff and J. S. McCombs and William McMurrey as defendants, in the district court of Liberty county, which said trial resulted in a judgment upholding and sustaining the validity of said deed of trust and adjudging that the Cleveland State Bank had on said date a valid, subsisting and unsatisfied lien upon said premises under and by virtue of said deed of trust.

"That the facts in relation to said matters are as follows, to wit, that heretofore, to wit, on the 28th day of April, 1915, J. S. McCombs became indebted to the State Bank of Cleveland in a certain sum of money, evidenced by a note for the sum of about $6,000, executed by said McCombs in favor of said bank, and in order to secure said note as well as all other sums of money for which the said McCombs might become indebted to said bank, the said McCombs made, executed, and delivered said certain deed of trust in writing to Jeff Cochran, trustee, whereby he conveyed to said trustee, for the purpose aforesaid, the land and premises described in plaintiffs' petition.

"That said deed of trust among other stipulations contained the following: 'And, whereas, it is contemplated that said J. S. McCombs may hereafter become indebted unto said party of the third part in further sum or sums, which said indebtedness, now accrued or to accrue in future, it is agreed shall all be payable at Cleveland, Tex., and bear interest at the rate of 10 per cent. per annum from date of accrual until paid, by whatever means the same shall accrue, and this conveyance is made for the security and enforcement of the payment of said present and future indebtedness.'

"That afterwards, to wit, on the 16th day of July, 1921, the Cleveland State Bank filed its petition in the district court of Liberty county, in cause No. 369 on the docket of said court, against J. S. McCombs, William McMurrey, J. V. Love, and G. A. Johnson, in which petition it alleged substantially that the said McCombs was indebted to the Cleveland State Bank in a certain sum of money, to wit, $3,998.83, by reason of a note executed by said McCombs and the other named defendants on May 15, 1920, payable to the Cleveland State Bank; and amended petition further averred the execution and delivery by said McCombs of said deed of trust above described, and that by reason thereof the plaintiff in said cause had a valid, subsisting, and unsatisfied deed of trust upon said land, and prayed for the foreclosure thereof, with order of sale and general relief.

"That in answer to said petition the said defendants, J. S. McCombs, William McMurrey, and the other defendants, filed their answer, in which they denied all and singular the allegations in plaintiffs' petition, and further pleaded that the deed of trust sought to be foreclosed in said cause was given to secure a $6,000 note mentioned in said deed of trust and no other indebtedness; that said $6,000 note has been paid and canceled and said deed of trust duly released. They further pleaded that on October 19, 1919, this defendant (J. S. McCombs) negotiated a loan with the New York Trust Company of New York City, through the offices of the Houston National Exchange Bank, of Houston, Tex.; that the State Bank of Cleveland, to whom plaintiff is successor, agreed with F. F. Dearing and E. V. Long that in consideration of the payment of said $6,000 note with all interest thereon, to release said deed of trust lien. That, in accordance with said agreement, said note for $6,000 with all interest due thereon was on said 19th day of October, 1919, duly paid out of said New York Trust Company loan.

That the Cleveland State Bank, plaintiffs in that suit in Liberty county, joined issue with said McCombs and McMurrey on the proposition raised by the answer in said cause, and said issue was duly tried out before the court without a jury, and resulted in a judgment in favor of the Cleveland State Bank against the said J. S. McCombs and the other defendants in said cause, and judgment was thereupon rendered by the court in said cause for the Cleveland State Bank for the amount of the debt sued on, interest, attorneys' fees, and costs, and for foreclosure of the deed of trust lien upon said land, said judgment being dated the 3d day of November, 1921; that the defendant J. S. McCombs duly appealed from the said judgment to the honorable Court of Civil Appeals for the Ninth judicial district of Texas at Beaumont (244 S. W. 1042), and said issue as to the validity of the said deed of trust and as to whether or not it was still valid, subsisting, and unsatisfied was again tried out before the honorable Court of Civil Appeals, and the judgment of the district court of Liberty county was by the said Court of Civil Appeals in all things affirmed; that the said J. S. McCombs and William McMurrey then applied to the honorable Supreme Court of this state for writ of error in said cause, which was by said court refused.

"That the said plaintiffs in this cause are claiming said land under deed emanating from the said J. S. McCombs, as heretofore averred, and the sole issue of fact and law between the plaintiffs and these defendants in this cause is as to whether or not said deed of trust was a valid, subsisting and unsatisfied lien against the land in controversy at the date of the rendition of said judgment by the district court of Liberty county.

"That after the rendition of said judgment by the district court of Liberty county in favor of the Cleveland State Bank, said property was advertised for sale under order of sale as directed in said judgment and said property, after due and legal notice of said sale, was by the sheriff of San Jacinto county sold to the defendant, the Cleveland State Bank, in satisfaction of said judgment, and the said sheriff thereupon duly executed and delivered to the Cleveland State Bank a deed conveying the premises in controversy to said defendant, the Cleveland State Bank.

"That the plaintiffs in this cause acquired their title under same conveyances from said J. S. McCombs and are privies in title with him, and that the said judgment of the district court of Liberty county is an action in rem involving the premises in controversy and is binding upon said defendants claiming title to said land, and conclusive of all issues involving the validity and subsistence of said lien in said deed of trust at the date of said judgment.

"That in view of the premises, said judgment of the district court of Liberty county is res adjudicata of the issue now before this court, and is conclusive of said question, and the plaintiffs are estopped from in any wise seeking to reopen or to readjudicate or to inquire into said issue.

"Wherefore, said defendants plead the said judgment of the district court of Liberty county in bar of plaintiffs' right of recovery in this cause, and pray that upon a hearing hereof they have judgment for the premises in controversy, for their costs, and for general relief."

To this supplemental answer, plaintiffs, by supplemental petition, replied:

"First. Plaintiffs specially except to all that part of said supplemental answer which undertakes to set up as a defense the plea of res adjudicata on account of the suit in the district court of Liberty county, Tex., styled the Cleveland State Bank v. J. S. McCombs et al., and say that the same is insufficient in this:

(a) Said plea shows that the issues involved in this case and said case are different.

(b) That they are different parties.

(c) Different rights and remedies are stated in the two cases.

"Second. Further answering, plaintiffs say that the defendants ought not to have and maintain their plea of limitation of four years as set forth in paragraph 2a of their first supplemental answer, because that the plaintiffs herein nor the said J. S. McCombs, or any of the parties under and through whom these plaintiffs hold, had any knowledge of the mistake in said deed of trust until the date of the filing of the second amended original petition in said suit in the district court of Liberty county, Tex., on the 16th day of July, A. D. 1921; that the said Cleveland State Bank had possession of said deed of trust and did not apprise plaintiffs or those through whom plaintiffs hold of the mistake in said deed of trust and fraudulently concealed the same from plaintiffs and those through whom they hold until a period within four years from the filing of this fourth supplemental petition. Wherefore plaintiffs put themselves upon the country upon this issue.

"Third. Specially answering, plaintiffs deny all and singular the allegations contained in paragraphs 2, 2a, 3, and 4 of the defendants' second supplemental answer, and demand strict proof of same.

"Fourth. Further answering herein, and pleading in reconvention against the defendants and making William McMurrey a party defendant, if the defendants' plea of res adjudicata No. 4 be sustained, these plaintiffs say that heretofore, to wit, on the 18th day of April, A. D. 1921, for a valuable consideration, William McMurrey, being the owner of the land in controversy, made, executed, and delivered to Frank McMurrey, trustee, a deed of trust on the land in controversy to secure V. W. McMurrey in the payment of one promissory note dated April 18, 1921, in the sum of $12,100 due 12 months after date, and bearing 8 per centum interest per annum, payable annually; that said note was transferred and assigned by V. W. McMurrey, and the plaintiffs herein are now the legal owners and holders of same; that the same is long past due, and said note and the interest on the same have not been paid. Wherefore the said William McMurrey promised and became liable to pay said V. W. McMurrey and the other legal owners and holders of said note the principal amount of said note and the interest due thereon; that the said deed of trust created a lien on said land for the purpose of securing said note, and plaintiffs are now entitled to have same foreclosed.

"Wherefore the plaintiffs ask that the said William McMurrey be made a party defendant, and on trial hereon the plaintiffs have judg-

ment for the amount due .on said promissory note against the said William McMurrey and the foreclosure against all defendants in this cause and a foreclosure against all other parties in this cause of plaintiffs' deed of trust hereinbefore set forth, and that said lien be foreclosed in satisfaction thereof.

"Fifth. Plaintiffs further say that they were not parties to the foreclosure suit of the Cleveland State Bank v. J. S. McCombs et al., in the district court of Liberty county, Tex., heretofore referred to, and especially deny that they are bound by the issues in said cause wherein it was set up and denied by the parties to said cause that the deed of trust given by J. S. McCombs to the Cleveland State Bank had been released, and the court decreed it to be a valid lien.

"Sixth. For all of which reasons plaintiffs say they are not and should not be estopped in their foreclosure proceeding herein by reason of anything that occurred in the district court of Liberty· county, Tex., in the case referred to."

The Standley defendants appeared, and in answer to the pleadings of all parties pleaded not guilty, and the three, five, and ten year statutes of limitation. William McMurrey appeared and answered plaintiffs' pleadings by a general denial. The case was tried to a jury, but after the evidence was concluded the court instructed a verdict in favor of the defendants Cleveland State Bank, Patrick and Keller against the plaintiffs, and in favor of the Standleys against the defendants Cleveland State Bank, Patrick, and Keller for the land claimed by them in their answer to said defendants' cross-action. The jury returned· a verdict in accordance with the instructions of the court, upon which judgment was rendered in favor of the Cleveland State Bank, Patrick, and Keller against the plaintiffs for all of the land in controversy, and in favor of the Standleys against the Cleveland State Bank, Patrick, and Keller for the land claimed by them, and a personal judgment was rendered in favor of the plaintiffs against William McMurrey for $15,564. To this judgment the plaintiffs, Tod Robinson et al., and defendants Cleveland State Bank, Patrick, and Keller each duly excepted, filed motions for a new, trial, which were overruled, and the case is before us on appeal by plaintiffs Tod Robinson et al., as against all defendants, and by the defendants Cleveland State Bank, Patrick, and Keller as against George Standley et al., defendants in cross-action.

As between the plaintiffs Tod Robinson et al. and the defendants Cleveland State Bank, Patrick, and Keller, it was agreed that J. S. McCombs was the common source of title.

### Plaintiffs' Title:

(a) Deed of trust from J. S. McCombs and wife, dated March 8, 1920, to William McMurrey, trustee. . .

(b) Warranty ,deed, dated December 16,

1920, from J. S. McCombs and wife to William McMurrey.

(c) Deed of trust from William McMurrey to' Frank McMurrey, trustee for V. W. McMurrey dated April 18, 1921.

(d) Note in the sum of $12,000, executed by William McMurrey April 18, 1921, payable to V. W. McMurrey, secured by the deed of trust of same date from William McMurrey to Frank McMurrey, trustee for V. W. McMurrey, said note due April 18, 1922, said note indorsed on back V. W. McMurrey; plaintiffs Tod Robinson et al. the legal owners and holders of same.

(e) Warranty deed from William McMurrey to V. W. McMurrey, dated January 18, 1923.

(f) Warranty deed from V. W. McMurrey to San Jacinto State Bank, dated January 23, 1923.

(g) Warranty deed from San Jacinto State Bank to appellants Tod Robinson, Jim McMurrey, V. W. McMurrey, Frank McMurrey, F. L. Roark, and B. F. Johnson, dated July 19, 1923.

### Defendants Cleveland State Bank, I. T. Patrick, and R. E. L. Keller's Title:

(a) Deed of trust on the land in controversy from J. S. McCombs to Jeff Cochran, trustee for the Cleveland State Bank, dated April 28, 1915, securing the payment of a note for $6,000 and such other future indebtedness that he might owe said bank.

(b) Second amended original petition in the district court of Liberty county, Tex., in cause No. 369, Cleveland State Bank v. J. S. McCombs et al.,. filed in said court July 16, 1921, in action on a note for $3,098.33, against J. S. McCombs, William McMurrey, J. V. Love, D. M. Love, and A. G. Johnson, praying for judgment on the debt and for foreclosure of said deed of trust on the land in controversy.

(c) Second amended answer of the defendants in said cause No. 369 in the District Court of Liberty county, Tex.

(d) Judgment, November 3, 1921, in favor of Cleveland State Bank in cause No. 369, against J. S. McCombs et al., foreclosing deed of trust lien on land in controversy.

(e) Order of sale in cause No. 369, and sheriff's deed showing the land in controversy sold to Cleveland State Bank; sheriff's deed dated February 7, 1922, filed for record January 29, 1923.

(f) Deeds from Cleveland State Bank to defendants Patrick and Keller.

It was agreed between plaintiffs, Tod Robinson et al., and George Standley et al., defendants in cross-action, that George Standley, Sr., was the common source of title. There was no agreement as to source of title between defendants Cleveland State Bank, Patrick and Keller, and the Standleys, crossdefendants. The Standleys offered proof supporting their plea of limitation. The plead-

ings and evidence show that on April 28, 1915, J. S. McCombs executed and delivered to Jeff Cochran, trustee for the benefit of Cleveland State Bank, a deed of trust on the land in controversy to secure the payment of a note in the sum of $6,000, described in the deed of trust, and such other future indebtedness as the said J. S. McCombs might owe said bank. July 16, 1921, suit, being cause No. 369, was instituted, in the District Court of Liberty county, Texas, by the Cleveland State Bank against J. S. McCombs and William McMurrey on a note for $3,098.33, and to foreclose the aforesaid deed of trust given to secure the said note for $6,000 and future indebtedness, alleging that said note for $3,098.33 was secured by said deed of trust. The record herein discloses that J. S. McCombs and William McMurray et al. appeared and answered in said cause No. 369, and by their second amended original answer plead the same and all other matters of defense against the deed of trust as are herein asserted. November 3, 1921, judgment in said cause No. 369 was rendered for the Cleveland State Bank against J. S. McCombs, the maker of the deed of trust, William McMurrey, who it was alleged was setting up some claim to or interest in the land involved (he then had deed of trust and deed from J. S. McCombs to him, conveying the land) and J. V. Love, D. M. Love and G. A. Johnson, alleged 'to be joint makers of the note sued on, for recovery on the note and for foreclosure of deed of trust against all of the parties defendant. This judgment was appealed by J. S. McCombs and William McMurrey to the Court of Civil Appeals for the Ninth Supreme Judicial District, and was there affirmed. Application was made to the Supreme Court for writ of error and the application refused. The land in question was then sold under the judgment of foreclosure and bought in by the Cleveland State Bank and deed made by the sheriff conveying the land to said bank on February 7, 1922.

The record further discloses that, after J. S. McCombs had executed the deed of trust aforementioned on the land to the Cleveland State Bank to secure his indebtedness to said bank, he executed a deed of trust to William McMurrey on the same land on March 8, 1920. Then, on December 16, 1920, he conveyed by warranty deed the land in question to William McMurrey. On April 18, 1921, William McMurrey executed to Frank McMurrey a deed of trust on the land as trustee for V. W. McMurrey to secure a note for $12,000, the note introduced in evidence by appellants. Thereafter, on January 18, 1923, after the judgment for foreclosure and sale of the land under the foreclosure judgment in cause No. 369, as above stated, William McMurrey conveyed the land to V. W. McMurrey. On January 23, 1923, V. W. McMurrey conveyed the land to the San Jacinto State Bank, and said bank conveyed same by deed to appellants, Tod Robinson et al., July 19, 1923.

[1] We have gone to some length in stating the pleadings and facts, but we deem it necessary in order that the contentions of the parties might be made clear. It is thus seen that appellants, Tod Robinson et al., contend that they were not affected or in any manner bound by the judgment in cause No. 369, in Liberty county, foreclosing the deed of trust upon the land in controversy, in favor of the Cleveland State Bank, nor by the sale under said foreclosure. They insist that this is true because they were not parties to that suit, and hence they were entitled to show, if they could, the matters and things set out in their pleadings touching the validity of said deed of trust and the judgment foreclosing same in cause No. 369 in obviation of said judgment, and to have the jury pass upon the questions thereby raised—in other words, they contend that, as they were not parties to said suit, the judgment in same was not res adjudicata as to them or any right they asserted, and hence they had the right to attack said judgment and show any facts going to invalidate it. We will first notice this contention. That the deed of trust was in force and effect and 'was legally foreclosed and the sale of the land thereunder lawful were established by the final judgment in the appellate court in cause No. 369, appealed from Liberty county. J. S. McCombs and William McMurrey were parties to that suit, and whatever interest in the land they had at that time was foreclosed, sold, and conveyed to the Cleveland State Bank by the said foreclosure and sale thereunder on February 7, 1922. At that time the legal title to the land was in William McMurrey by virtue of the deed from J. S. McCombs to him of date December 16, 1920, subject, however, to the prior lien of the Cleveland State Bank of date April 28, 1915, and, the said J. S. McCombs and William McMurrey being parties to said suit, cause No. 369, and the judgment in said suit having foreclosed the deed of trust lien of the Cleveland State Bank against J. S. McCombs and William McMurrey, and the land having been sold under said judgment of foreclosure and bought in by the Cleveland State Bank, it thereby acquired a good and perfect title as against the said J. S. McCombs and William McMurrey and all persons claiming title to said land by, through or under them. Therefore, as the appellants, Tod Robinson et al., claimed by, under, and through said McCombs and McMurrey, they are in privity of title with them, and were bound by said judgment of foreclosure, and the same is res adjudicata as to said appellants, and hence the court did not err in directing a verdict in favor of the Cleveland State Bank against them for the land. Tadlock v. Eccles, 20 Tex. 783, 73 Am. Dec. 213; Henry v. Thomas

(Tex. Civ. App.) 74 S. W. 599; Coleman v. Davis (Tex. Civ. App.) 36 S. W. 103.

[2] But appellants insist that if they were not entitled to recover the land, then they should have judgment for a foreclosure of their alleged lien. The lien asserted is that by deed of trust from William McMurrey to Frank McMurrey for the benefit of V. W. McMurrey, to secure the payent of a $12,000 note to V. W. McMurrey, note and deed of trust dated April 18, 1921, said appellants being the owners and holders of said note. This contention cannot be sustained. In the first place, appellants, by virtue of said deed of trust, could only foreclose same upon whatever right and interest William McMurrey had in and to the land, and, as he conveyed the land by deed to V. W. McMurrey, whatever lien, if any, that was created by the deed of trust executed by him to V. W. McMurrey was satisfied and extinguished by the conveyance of the land by William McMurrey to V. W. McMurrey and by V. W. McMurrey to the San Jacinto State Bank, and by said bank to appellants, and therefore they had no lien and no right to foreclose. This was a suit in trespass to try title to the land in question, brought by appellants, and it would be rather singular for them to own the land and at the same time have a lien on same for their own benefit.

[3] Again, appellants were not entitled to a foreclosure of their asserted lien, because said lien, if there was such, was a junior lien to that of the Cleveland State Bank, which was foreclosed in cause No. 369 in the district court of Liberty county. Under these facts, before appellants could recover, they must have tendered or offered to pay to the Cleveland State Bank the amount of the indebtedness due by J. S. McCombs to said bank, secured by its said deed of trust, and, having failed to make such tender of payment on offer to pay said indebtedness they could not recover, and the court therefore properly instructed the jury to find against them.

[4] Appellants, by their tenth proposition, based upon their eleventh assignment of error, complain that the court erred in refusing their requested instruction for a peremptory verdict as against the Standley defendants on their plea of limitation. We fail to find in the record any such requested charge as is mentioned.

The other questions presented by appellants have all been considered, and none of them present reversible error, and so are all overruled.

[5] Appellees Cleveland State Bank, Patrick, and Keller complain by cross-assignment found in the transcript that the court erred in directing a verdict against them in favor of the Standleys, cross-defendants. The record shows that, when the Cleveland State Bank, I. T. Patrick, and R. E. L. Keller were sued by plaintiffs, they in turn brought an action against the parties known as the Standley defendants, alleging that they were asserting claim to some interest in the land, and prayed for judgment against them for the title and possession of the land. These defendants answered by general demurrer, plea of not guilty, general denial, and pleas of three, five, and ten year limitation.

At the conclusion of the evidence the appellees Cleveland State Bank, Patrick, and Keller presented to the court a special requested charge instructing the jury to return a verdict for said appellees against the Standley defendants, to which the Standley defendants objected, and requested the court to give their special requested instruction to the jury to return a verdict in their favor against said Cleveland State Bank, Patrick, and Keller, and thereupon the court announced that he would refuse the charge requested by the Cleveland State Bank, Patrick, and Keller, and that he would instruct the jury to return a verdict in favor of the Standley defendants as against the appellees for the land claimed by them. Whereupon the defendants Cleveland State Bank, Patrick, and Keller, before any instruction had been given to the jury, and before the jury had retired to consider their verdict, announced to the court that they would take a nonsuit as to their cross-action against the Standley defendants, and requested the court that they be permitted to do so, which request was by the court denied and the jury instructed to return a verdict in favor of said Standley defendants against the Cleveland State Bank, Patrick, and Keller, which the jury did, and judgment thereon was accordingly entered, to which said action of the court the defendants Cleveland State Bank, Patrick, and Keller excepted and preserved their bill of exception, duly approved.

Appellees, the Standley defendants, object to our considering appellees Cleveland State Bank, Patrick, and Keller's assignment of error challenging the action of the court in refusing to permit them to take a nonsuit as to the Standley defendants, because, among other objections, the assignment is not brought forward in said appellee's brief, and because there is no proposition in the brief based upon the assignment—no propositions or points stated in the brief upon which the cross-appeal is predicated as required by the rules. We think the objection should be sustained. No assignment of error is set forth either in the back of their brief or in the front, or in any other place in the brief, as required by rule 32. There are no propositions or points stated in the brief upon which the cross-appeal is predicated, as required by rule 30. The brief, relative to this matter, being in plain violation of the above noted rules for the preparation of briefs in the Courts of Civil Appeals, cannot be considered. The court below having jurisdiction of the parties and the matter involved, and no

fundamental error apparent upon the face of the record appearing, the action of the court in directing the verdict complained of was correct.

The judgment of the court below as a whole should be affirmed, and it is so ordered.

Affirmed.