## WARREN v. HOUSTON OIL CO. OF TEXAS et al. (No. 1528.)

Court of Civil Appeals of Texas. Beaumont. June 7, 1927.

Rehearing Denied June 15, 1927.

**1. Appeal and error ⬅︎742(1)—Appellant's brief containing one statement not addressed to any particular one of 30 propositions, cannot be considered (Court of Civil Appeals rule 31).**

Appellant's brief, containing 30 separate and distinct propositions, followed by one statement, not addressed to any particular proposition, as required by Court of Civil Appeals rule 31, cannot be considered.

**2. Appeal and error ⬅︎742(1)—Appellant cannot make one general statement and argument, addressed to no one, of numerous propositions in brief (Court of Civil Appeals rule 31).**

Court of Civil Appeals rule 31 requires that each proposition in appellant's brief be supported by appropriate statement from record, and does not authorize party to set out numerous propositions presenting different questions and then make one general statement and argument, addressed to no one proposition, but merely condensing entire record according to appellant's view of facts.

**3. Appeal and error ⬅︎766—Appellate court briefing rules must be enforced, where completely disregarded, though not technically or arbitrarily interpreted in case of substantial effort to comply.**

While rules for briefing should not be given technical or arbitrary interpretation, resulting in depriving party of his brief, where there has been substantial effort to comply therewith, they must be enforced in case of complete neglect to meet their requirements.

**4. Appeal and error ⬅︎773(4)—In absence of appellants' briefs or fundamental error, judgment of court having jurisdiction should be affirmed.**

Where there are no briefs by appellants, judgment, authorized by pleadings, on verdict directed by court having jurisdiction of parties and subject-matter, should be affirmed, in absence of fundamental error apparent on face of record.

**5. Covenants ⬅︎79(1)—Grantee holding title in trust for one furnishing purchase money could not sue grantor's widow for breach of covenant of warranty.**

Grantee holding title to land in trust for another, who furnished purchase money and conveyed his interest to third party, could not sue grantor's widow for breach of covenant of warranty, which ran with land.

Error from District Court, Newton County; V. H. Stark, Judge.

Trespass to try title by John B. Warren against the Houston Oil Company of Texas, Nellie B. League, individually and as independent executrix of the estate of J. C. League, deceased, and others, in which defendants other than Nellie B. League filed a cross-action against T. R. Singletary and another. Judgments for cross-complainants against plaintiff and cross-defendants and for plaintiff against defendant League, and plaintiff and cross-defendants appeal, and defendant League files cross-assignments of error. Judgment for cross-complainants affirmed, and judgment against defendant League reversed and rendered.

Adams & Hamilton, of Jasper, and John B. Warren, of Houston, for appellant.

H. O. Head, of Sherman, Andrews, Streetman, Logue & Mobley and Kennerly Williams, Lee & Hill, all of Houston, and Terry, Cavin & Mills, of Galveston, for appellees.

O'QUINN, J. This is a suit in trespass to try title to 218 acres of land, a part of the Richard Sims league in Newton county, Tex., brought by appellant against the Houston Oil Company of Texas, the Southwestern Settlement & Development Company, the Kirby Lumber Company, the Republic Production Company, and Nellie B. League, individually and as independent executrix of the estate of her deceased husband, J. C. League. In the alternative, appellant sought to recover against Nellie B. League on the warranty of her deceased husband, J. C. League.

The appellees, other than Nellie B. League, answer by general demurrer, general denial, plea of not guilty, the statutes of limitation, and by cross-action made T. R. Singletary and Henry Myers defendants and sought judgment against them for the same land. Mrs. Nellie B. League filed appropriate answer, and Singletary and Myers answered to the cross-action against them.

There was a trial before a jury, and after the evidence was concluded the court instructed the jury to return a verdict for all of the land in favor of appellees and against appellant, Warren, and against Singletary and Myers, and in favor of appellant, Warren, against Mrs. Nellie B. League for $220, on the issue of warranty of title. Warren, Singletary, and Myers filed separate appeal bonds, but Warren alone has filed brief.

[1] Appellees object to our considering the brief of appellant, Warren, because they say it violates rule 31 governing the preparation of briefs in the Courts of Civil Appeals. Their objection is that the brief contains no statement and argument addressed to the several points or propositions as required by said rule.

Rule 31 provides:

"After the propositions upon which the appeal is rested the brief shall contain, addressed respectively to the several propositions or points presented, such argument or discussion as is desired, with a reference to the authorities relied on, and a clear and accurate statement of the record bearing upon the respective propositions.

⬅︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

with a reference to the pages of the record. * * * Such statement shall be correlated, entire, and distinct, and so presented as to enable the court to readily consult it."

[2, 3] Appellant's brief contains 30 points or propositions upon which he relies for a reversal of the judgment, and these are followed by one statement, which is not directed or addressed to any one point, but is a statement under all of them. They are not presented grouped together, and, indeed, could not be, for they point to that many different and separate and distinct propositions or matters. The one statement is not addressed to any particular point or proposition or propositions, but leaves us to search the whole statement and argument, which covers 45 pages of typewritten matter quoting copiously from the statement of facts, which consists of more than 200 pages of evidence, for matters relevant to the several propositions. The rule requires that each proposition shall be supported by an appropriate statement from the record, and does not contemplate that a party may set out numerous propositions presenting different questions, and then make one general statement and argument addressed to no one of the propositions, but merely condensing the entire record according to his view of the facts. While we do not think the rules for briefing should be given a technical or arbitrary interpretation, resulting in the deprivation of a party of his brief, where there has been a substantial effort at compliance with the rules, yet where there is so complete a neglect to meet their requirements as is here shown they must be enforced. The objection to appellant's brief is sustained. Austin v. Freestone County (Tex. Civ. App.) 288 S. W. 870 (writ refused); Robinson v. Cleveland State Bank (Tex. Civ. App.) 282 S. W. 860; Green v. Shamburger (Tex. Civ. App.) 243 S. W. 601; Southern Casualty Co. v. Vatter, 115 Tex. 148, 278 S. W. 177; Baker v. Hodges (Tex. Civ. App.) 231 S. W. 849; Western Union Telegraph Co. v. Brett (Tex. Civ. App.) 231 S. W. 449; Terry v. Williamson (Tex. Civ. App.) 251 S. W. 813; Lancaster v. Crosby (Tex. Civ. App.) 263 S. W. 646; McCord Co. v. Citizens' Hotel Co. (Tex. Civ. App.) 287 S. W. 906. This leaves the case as though no brief had been filed.

[4] The appeals of Warren, Singletary, and Myers being before us without any brief, and the court below having jurisdiction of the parties and the matters involved, and the judgment being such as under the pleadings could be rendered, and no fundamental error apparent upon the face of the record appearing, the action of the court in directing the verdict as to the title to the land should be affirmed, and it is so ordered.

[5] Appellee Nellie B. League filed crossassignments of error, and has filed her brief urging same. She insists that the court erred in instructing a verdict against her for $220, and insists that her motion for an instructed verdict in her favor should have been given.

We think the assignment should be sustained. Mrs. League was vouched in on the warranty of her deceased husband, J. C. League, by appellant. The court, after hearing the pleadings and the evidence offered, directed a verdict in favor of appellees and against appellant for the land. The decisive question in the case was whether appellant had title to the land by virtue of the deed conveying same to him, or whether the title to the land was in one T. R. Singletary. Mrs. League, in her answer, pleaded that, although the deed under which appellant, Warren, claimed title to the land was taken in his name, that the consideration actually paid for the land was furnished by T. R. Singletary, who thereby became and was the real and equitable owner of the land, together with the consequent right to sue for breach of warranty; that appellant never at any time owned the land or any interest therein, but that he merely held same in trust for Singletary, who furnished the money to pay for same; that any right of action for breach of warranty of J. C. League ever existing in Singletary had passed from him by deed into the Houston Oil Company of Texas, and therefore neither Warren nor Singletary had any cause of action or right of recovery against her. The statement from the record given by her in her brief amply supports these pleadings. If appellant did not own the land, then he was not entitled to recover on his plea of failure of warranty by League. As the covenant of warranty ran with the land, and, it having been determined that he was not the owner of the land, he did not have the right to sue for a breach of warranty and was not entitled to recover in any sum. Neill v. Keese, 5 Tex. 29, 51 Am. Dec. 746; Williams v. Turner, 50 Tex. 142; Flaniken v. Neal, 67 Tex. 629, 4 S. W. 212; Eustis v. Fosdick, 88 Tex. 617, 32 S. W. 872. That portion of the judgment awarding to appellant a recovery against Mrs. League is here reversed and rendered in her favor.