WILLIAM WENZEL v. THE STATE.

No. 3136. Decided November 15, 1905.

**1.—Aggravated Assault—Charge of Court—Defense of Person and Property.**

On a trial for aggravated assault where the evidence showed that the defendant went to the place where the prosecutor was digging post holes upon defendant's premises and asked him to leave, whereupon prosecutor assaulted defendant, upon which defendant struck prosecutor two or three blows with a hoe handle, the court should have submitted defendant's special charges upon the defendant's rights in defense of his person and property.

**2.—Same—Ownership—Possession—Trial of Court—Tenant.**

On trial for aggravated assault where the evidence showed that the defendant acted in defense of his person, and certain property in his charge, it was error to confine his rights of defending property to actual ownership, but the charge should have extended such right to that of possession as a tenant.

Appeal from the County Court of Waller. Tried below before Hon. A. J. Harvey.

Appeal from a conviction of aggravated assault; penalty, a fine of $25. The opinion states the case.

*W. J. Poole,* for appellant.—On question of possession: Taylor v. State, 10 Texas Ct. Rep., 327; Weaver v. State, 8 id., 434.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction for aggravated assault and battery, upon John Nieman. The facts disclose that Nieman and Sanders were digging post-holes in the enclosure of appellant, when appellant, his wife, and brother-in-law approached them and ordered them away. It may be stated, as a conceded fact, that appellant was in possession of the enclosure in which Nieman and Sanders were digging the post-holes. The State's evidence, as well as the defendant's, discloses this fact. It therefore became unnecessary to introduce the evidence offered by appellant to show title in Weis (appellant's landlord). In regard to the immediate facts of the difficulty, the State shows that when appellant, accompanied by his wife and brother-in-law, approached Nieman, he (appellant) struck Nieman several blows with a hoe-handle, causing injury of more or less serious import, and that these acts were unjustifiable; that Nieman had done nothing to provoke this assault other than the fact that he was digging post-holes in the appellant's enclosure. Appellant's testimony shows that when he and his wife and brother-in-law approached Sanders and Nieman, he requested Nieman to desist digging holes on his land and get off his premises; that Nieman then withdrew the auger with which he was digging holes, and either struck at appellant, or raised the instrument in a striking attitude. Appellant then struck with a hoe-handle, two or three blows. The court failed to submit the issues of self-defense raised by this testimony. The only charge given by the court upon this issue was as follows: "An assault and battery is justified and subject to no punishment in the necessary defense of the person of defendant or of his lawful possession of his property, but in case of the use of excessive force, he is to be punished; and you are the judges from the facts whether the proper degree of force has been exceeded or not." The evidence raises two issues, it occurs to us, on self-defense (1) defense of property; and (2) defense of the person. Appellant had the right to go where the parties were intruding upon his premises, and ask them to leave; and if they did not accede to the request, he had the right to use all necessary force to eject them from said premises. This phase of the law should have been pertinently given, and if the assaulted party, as testified by appellant's witnesses, made the assault upon appellant, then appellant had the right to defend his person, independent of the right of defense of his property. Without going into a discussion of these matters, these phases of the law should be given

upon another trial. Appellant sought to have these phases of the law submitted to the jury, but the court rejected his charges.

The court charged the jury that they could not consider the ownership of the property. In one sense this charge is the law, but we do not believe it applicable to the facts of this case. There is no question but that appellant was in charge of the property and had been in charge of it, cultivating, using and enjoying it as the tenant of Weis, and whether or not he was the owner would make no difference. He had the same right to defend his possession as if the property was in fact his. The issue is not of ownership, but of the right of possession. The charge was misleading as given, and turned the issue upon ownership instead of possession.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*