

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXWRXXWILSON
ATTORNEY GENERAL

Honorable F. C. Bolton, Vice-President and Dean
Agricultural and Mechanical College of Texas
College Station, Texas

Dear Sir:

Opinion No. O-6250

Re: What authority does the Board
of Directors of the Agricultur-
al and Mechanical College of
Texas, or its authorized rep-
resentatives, have to restrict
or regulate acts and movements
of persons other than students
on the A. and M. College campus?

From your letter of recent date, we quote:

"What authority does the Board of Directors
or its authorized representatives have to re-
strict or regulate acts and movements of persons
other than students on the A. and M. College
campus?

"We assume that the Board has authority to
prohibit business enterprises from operating on
the College property. Does it have authority to
eject persistent violators from the campus?

"From time to time persons of questionable
character appear on or near the College grounds.
There is need for authority to keep such people
off the campus and from contact with the students.
Does the College have such rights?

"Students are rather careless about leaving
their dormitory rooms unlocked. There have been
a number of instances of petty thievery, especial-
ly while the students are out of their rooms at
class or at meals. What control does the Col-
lege have over loiterers or suspicious characters
on the campus?

"Of course we welcome visits from the students'
parents and friends and from other citizens of
the State, but our concern is to meet our respon-

sibility in protecting the students who are here under our care and in safeguarding the property of the State. The campus is included within the city limits of the City of College Station but the streets on the campus have not been dedicated to public use and are under the same control of the Board of Directors as other parts of the campus.

"The College employs a number of watchmen to maintain order and enforce discipline among the students. These watchmen hold commissions as deputy sheriffs in Brazos County and I believe some of them also are deputy marshalls of the town.

" . . . . . ."

Article 2610, Revised Civil Statutes of Texas, provides for the government of the Agricultural and Mechanical College by a Board of Directors composed of nine persons. The powers and duties of the board are prescribed by Article 2613, Revised Civil Statutes, as amended, and sub-division 6 thereof reads as follows:

"The board shall also, from time to time, make such by-laws, rules and regulations for the government of said College as they may deem necessary and proper for that purpose, and shall regulate the course of study, the rates of tuition, the manner of performing labor, and the kind of labor to be performed by the students of said College, and shall also prescribe the course of discipline necessary to enforce the faithful discharge of the duties of the professors, officers and students."

The general rule is well settled that persons in the lawful possession of property may use reasonable means, even to the extent of force, to protect property belonging to, or under their lawful charge and control, from the intrusion or trespass of others and to expel such intruders. 4 Tex. Jur. 878, ¶ 41; 63 C. J. 949, ¶ 102; Ibid, 950, ¶ 105; Trimble v. State, 57 Tex. Cr. R. 439, 125 S.W. 40. Persons thus intruding should be first warned; however if trespassers refuse to leave the premises, the use of all reasonable means to compel them to leave may be exercised, but no more force than is necessary to accomplish eviction may be brought into play. 4 Tex. Jur., supra; Wenzel v. State, 48 Tex. Cr. R. 625, 90 S.W. 28.

We find no case involving the authority of governing boards in institutions such as yours to restrict or regulate

acts and movements of persons other then students and others legitimately connected therewith. Nevertheless, while it is true that the land and property occupied by the College is public property, it has been dedicated to and is used for a specific purpose. There is no question but that the Board of Directors and administrative officers are authorized to establish reasonable rules and regulations governing such property consistent with the purpose to which it is used and dedicated. Intrusion upon and trespassing by any persons contrary to such rules and regulation would seem to us to be governed by the same law applicable to trespass upon private property.

There is no _general_ statute in this State making it a _penal offense_ to merely trespass on private or public property. The statutes denouncing the acts of entering upon lands of others seem to be limited to such entrance for the purpose of fishing (Penal Code, Art. 925), hunting (Ibid, Art. 1377) or removing earth and rock (Ibid, Art. 1348).

Chapter Four of Title 13, Texas Penal Code (Arts. 859-868) has defined offenses made such relative to public buildings and grounds. While injuring or defacing public buildings (Art. 859) and taking property from public grounds (Art. 864) are denounced, none of the statutes within the chapter seem to cover the acts mentioned by you.

Absent the commission of some offense denounced as penal and contrary to the provisions of some article of the Penal Code of Texas, you would therefore be relegated to the same remedies available to owners of private property. Persons having no legitimate business with students, faculty or personnel may be refused entrance to the campus. Those having bona fide business, or visitors desired may be admitted, subject to such reasonable rules and regulations as may be promulgated by competent authority of the College; i.e., the Board of Directors, or its authorized representatives.

You are correct that the College has authority to prohibit business enterprises from operating on the College property. You further have authority to request undesirable persons to leave the campus, and upon their failure to peaceably make their exit to eject them, using only such force as may be necessary to effect that object.

We feel that the above should apprise you of your rights generally. Should specific cases arise upon which you desire our further legal opinion, your request for additional information in the light of the facts involved will receive our careful consideration.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Benjamin Woodall
        Benjamin Woodall
        Assistant

BW:db:wc

APPROVED OCT 23, 1944
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion  Committee By s/BWB Chairman