

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

December 31, 1957

Honorable Henry Wade
District Attorney
Records Building
Dallas, Texas

Dear Mr. Wade:

Opinion No. WW-341

Re: Whether or not the County of
Dallas Child Support Clearing
Account Funds and the County
of Dallas Juvenile Department,
Child Support Division Hold-
ing Account Funds are secured
under the bond of the County
depository banks when deposited
with said banks without first
passing through the hands of
the County Treasurer.

The following is extracted from your opinion No.
57-18 (dated August 22, 1957).

"You have requested the opinion of this office as
to whether or not the following described funds are
prevented from being secured by the collateral deposited
by the four county depository banks by reason of the fact
that such funds do not pass through the hands of the
County Treasurer:

1. County of Dallas Child Support Clearing
Account;

2. County of Dallas Juvenile Department, Child
Support Division Holding Account;

(You have indicated that the funds deposited
in these accounts are originally deposited in
the Mercantile National Bank at Dallas, as
clearing house bank for the four depositories,
and distributed to all of such depositories)

. . . . . . . . . . . . . . . . . . . . . . . . .

"We are advised that in the selection of the county
depositories, the Commissioners' Court of Dallas County,
as provided in Article 2547, R.C.S., accepted a pledge of
securities from each depository bank, rather than the
execution of a bond to secure the funds deposited with

them.  The conditions of the pledge agreement of each county depository are set forth in pledge agreements executed by each of them substantially as follows:

'The conditions of the above contract are such that, whereas, the above bounden pledgor (Depository Bank) was on the 25th day of February, A.D. 1957, duly and legally chosen by the Commissioners Court of Dallas County, Texas, as County Depository for said county for a period of two years ending sixty days from the time fixed by law for the next selection of a depository, upon its bidding and agreeing to pay the County of Dallas interest on "'time deposits'" on daily balances kept in said depository of said County of Dallas at the rate of per contract per cent per annum, said interest payable monthly.

'NOW, THEREFORE, if the above bounden pledgor (Depository Bank) shall faithfully do and perform all the duties and obligations devolving on it by law as the county depository of Dallas County and shall upon presentation pay checks drawn on it by the county treasurer of Dallas County, Texas; on "'demand deposits'" accounts in such depository; and all checks drawn upon any "'time deposit'" account upon presentation, after the expiration of the period of notice required in the case of "'time deposits,'" and shall faithfully keep said county funds, and account for same according to law, and shall faithfully keep and account for all funds belonging to the county which are deposited with it under the requirements of Article 2547, Vernon's Annotated Revised Civil Statutes, and shall include State funds collected by the tax collector, and shall pay the interest at the time and at the rate hereinbefore stipulated on "'time deposits'"; and shall, at the expiration of the term for which it has been chosen, turn over to its successor all the funds, property, and other things of value, coming into its hands as depository, then and in that event this contract is to be and become null and void and the securities above shall be returned to the pledgor, otherwise to remain in full force and effect, hereby specially authorizing the Commissioners' Court of Dallas County, Texas, to sell at public or private sale, with or without notice to the pledgor, the securities, or any part thereof,

and apply the proceeds of sale to the satisfaction of any indebtedness arising by virtue of the violation of any or all the conditions of this contract.

'The above provision is given in addition to any remedy the pledgee may have in any suit brought on this contract in any court in this State.'

"We are assuming that the value of the securities pledged is sufficient in amount to cover the funds mentioned in your inquiry, and this opinion is limited to a consideration of the security of these funds by reason of the nature thereof. Although the language used in the pledge agreements substantially conforms to the statutory requirements set forth in Article 2547, the deposits mentioned in your letter are not specifically described in the pledge agreements as being secured.

"However, on the date of execution of the pledge agreements, February 25, 1957, there was in effect a statutory provision for the security of funds collected by county officers in their official capacity, which are deposited in the county depository by the County Treasurer. Article 1656a, R.C.S., which provides for this security, reads in part as follows:

'The County Auditor in counties having a population of one hundred ninety thousand (190,000) or more according to the last preceding or any future Federal Census shall prescribe the system of accounting for the county and the forms to be used by the District Clerk, the District Attorney and all county and precinct officers and by all persons in the collection and disbursement of county revenues, funds, fees, and all other moneys collected <u>in an official capacity</u> whether belonging to the county, its subdivisions or precincts, or to, or for the use or benefit of, any person, firm or corporation; . . . All of the fees, commissions, funds, and moneys herein referred to shall be turned over to the County Treasurer by such officer as collected, and such money shall be deposited in the county depository in a special fund to the credit of such officer and draw interest for the benefit of the county, <u>which funds, when so deposited in such depository, shall be secured by the bond of such depository.</u> . . .' (Emphasis added)

"The Attorney General of Texas, in his Opinion WW-86, dated April 5, 1957, has ruled that the amendment to this act, which purported to manditorily require the deposit of such

funds by the County Treasurer, was unconstitutional, but that the act was effective as originally enacted, and that such funds should be deposited with the County Treasurer when required by the County Auditor.

"In construing the pledge agreements which were given under the authority of a statute, it is presumed that the intention of the parties was to execute the agreement as the law required, and the statute constitutes a part of the agreement as if incorporated in it. Crane County vs. Bates, 90 S.W. 2d 243 (Opinion Adopted by Supreme Court); New Liberty Common School District vs. Merchants and Planters Bank, 273 S.W. 330, (Writ of Error Dismissed); American Surety Company vs. Tarbutton, 248 S.W. 435 (Writ of Error Refused); 10 Tex. Jr. 316.

"We will consider the . . . . bank accounts mentioned in your letter separately:

1.  County of Dallas Child Support Clearing Account

    We are advised that the funds deposited in this account represent payments made for the care and welfare of specifically named children, which payments are made to the Chief Probation Officer of Dallas under orders of our District Courts, to be disbursed promptly by payment from the Chief Probation Officer to named individuals.

    Unless the procedure prescribed by 1656a is adopted, it is our opinion that the moneys deposited in this account do not constitute a deposit secured by the pledge agreement. In the event, however, that the procedure prescribed in said article be adopted, the funds would then be secured as specifically provided by that article.

2.  County of Dallas Juvenile Department, Child Support Division Holding Account

    We are advised that the funds deposited in this account constitute support payments which have been made to the Chief Probation Officer under order of the District Courts in those situations where the named obligee has not been located for payment by said Chief Probation Officer. There are also deposited to this account sums of money ordered to be paid by District Courts to named individuals for restitution of damages caused by juvenile delinquents. Further, this account

represents money to be disbursed by the Chief Probation Officer in providing for the welfare of wards of the county.

As the funds deposited in this account are largely to be used in making payment for the use and benefit of named individuals, it is our opinion that the principal part of such account is not secured by the pledge agreement of the depository bank unless the procedure established in Article 1656a is adopted; and in the event that such procedure be adopted and required by the County Auditor, such account would be secured under the terms of the pledge agreement as set forth in said article."

In our opinion the foregoing is a correct statement of the law and as such is adopted as the opinion of this office.

## SUMMARY

Funds of the County of Dallas Child Support Clearing Account and County of Dallas Juvenile Department, Child Support Division Holding Account are not secured under the bond of the County depository banks, unless these funds are deposited through the County Treasurer, or there is an express contractual agreement with the County depository banks to that effect.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Galloway Calhoun, Jr.

GC:mg
APPROVED:
OPINION COMMITTEE

Geo. P. Blackburn, Chairman

J. C. Davis, Jr.
John Reeves
Leonard Passmore
Milton Richardson

REVIEWED FOR THE ATTORNEY GENERAL

By:   James N. Ludlam